428 So.2d 649 (1983)
Paul Edward MAGILL, Appellant,
v.
STATE of Florida, Appellee.
No. 51699.
Supreme Court of Florida.
March 10, 1983.
*650 Philip J. Padovano and Mary M. Piccard, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for appellee.
*651 ADKINS, Justice.
We have for review a sentence of death imposed by a trial court. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
Appellant, Paul Edward Magill, was charged with and convicted of first-degree murder and was sentenced to death. On appeal, this Court affirmed the conviction but vacated the sentence and remanded the cause with directions that the trial court make proper findings of fact and then impose an appropriate sentence. Magill v. State, 386 So.2d 1188 (Fla. 1980), cert. denied, 450 U.S. 927, 101 S.Ct. 1384, 67 L.Ed.2d 359 (1981), (Magill I).
On resentencing, the trial court found applicable four aggravating factors and three mitigating ones and again sentenced appellant to death. This appeal of the resentencing followed.
As his first point on appeal, appellant contends that the trial court erred in finding that the murder was especially heinous, atrocious, and cruel. See § 921.141(5)(h), Fla. Stat. (1977). In our opinion in Magill I, however, we found no fault with this finding by the trial court, and we adhere to our earlier conclusion.
The next point raised is that the term "heinous, atrocious, and cruel" has become unconstitutionally vague and overbroad because of the wide variety of situations in which it has been applied. Appellant argues that in the time since the term was held constitutional by the United States Supreme Court in Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976), the "various and diverse interpretations and applications made of it by this Court" have rendered it no longer clear to a person of average intelligence. Appellant supports his argument by reference to several cases which involve what he considers similar factual situations, yet which reach different results regarding the applicability of section 921.141(5)(h).
Appellant's argument ignores that there are discernable distinctions in the facts of the cases which he cites. It is not merely the specific and narrow method in which a victim is killed which makes a murder heinous, atrocious, and cruel; rather, it is the entire set of circumstances surrounding the killing. Thus while both officers in Raulerson v. State, 358 So.2d 826 (Fla.), cert. denied, 439 U.S. 959, 99 S.Ct. 364, 58 L.Ed.2d 352 (1978), and Fleming v. State, 374 So.2d 954 (Fla. 1979), were killed by one gunshot, the situations in which the killings occurred were distinguishable. The surrounding circumstances in Raulerson warranted finding section 921.141(5)(h) applicable, while those in Fleming did not.
There can be no mechanical, litmus test established for determining whether this or any aggravating factor is applicable. Instead, the facts must be considered in light of prior cases addressing the issue and must be compared and contrasted therewith and weighed in light thereof. Then, if the killing and its attendant circumstances do not warrant the finding of heinousness, atrociousness, and cruelty, it will be stricken. Otherwise, assuming that it is warranted in light of earlier cases and that the trial judge used the reasoned judgment which is so necessary, the finding will not be disturbed.
We have provided guidance for determining whether section 921.141(5)(h) is applicable. As was noted in State v. Dixon, 283 So.2d 1 (Fla. 1978):
It is our interpretation that heinous means extremely wicked or shockingly evil; that atrocious means outrageously wicked and vile; and, that cruel means designed to inflict a high degree of pain with utter indifference to, or even enjoyment of, the suffering of others. What is intended to be included are those capital crimes where the actual commission of the capital felony was accompanied by such additional acts as to set the crime apart from the norm of capital felonies  the conscienceless or pitiless crime which is unnecessarily torturous to the victim.
283 So.2d at 9. Since Proffitt, our application of the above reasoning has not rendered the statute unconstitutionally vague and overbroad.
*652 Appellant next argues that the trial court erred in finding applicable three of the aggravating circumstances. He argues that the first, second, and fourth aggravating factors are supported by the same evidence and thus are improperly cumulative. See Provence v. State, 337 So.2d 783 (Fla. 1976), cert. denied, 431 U.S. 969, 97 S.Ct. 2929, 53 L.Ed.2d 1065 (1977). The validity of these aggravating circumstances was approved of in Magill I and was not a factor in our remand to the trial court. We need not, therefore, address this issue.
Appellant's fourth point on appeal is that the three mitigating circumstances found applicable by the trial judge outweigh the aggravating circumstances and so the death sentence should be vacated and a sentence of life imprisonment imposed instead. He argues that the mitigating factors are quite compelling while the aggravating ones are either inapplicable or insignificant. We do not agree.
The findings in aggravation were approved in our opinion in Magill I. The factors established in section 921.141(5) must be proven by the state before they can be applied by the court in sentencing. Four such factors were found applicable, and we cannot say that they do not carry as much weight as the mitigating factors that were applied. If we are to question the factors considered in sentencing, then two of the mitigating circumstances found applicable, that appellant lacked a significant prior criminal record and that his father had died one year earlier, seem as questionable as any accepted in aggravation. Regardless of that, the trial court used reasoned judgment, specified which factors it considered, and followed the jury's recommendation in sentencing. In such a case, we do not feel warranted to substitute our own judgment for that of the sentencing court.
As his final point, appellant argues that if this Court does not vacate the death sentence, the case should be remanded for a new sentencing hearing. If even one of his arguments concerning the validity of the aggravating circumstances is correct, claims appellant, then a new sentencing hearing is warranted. He cites our opinion in Fleming v. State, 374 So.2d 954 (Fla. 1979), where upon ruling that an aggravating factor was erroneously applied, we remanded for resentencing "[s]ince we are unable to determine what significance this factor was given in the weighing process... ." Id. at 959. Because, however, we find no fault with the aggravating circumstances applied, this issue need not be addressed.
Having considered each point raised by appellant, and finding that none warrant reversal or remand, the trial court's sentence is hereby affirmed.
It is so ordered.
ALDERMAN, C.J., and OVERTON and McDONALD, JJ., concur.
BOYD, J., concurs in part and dissents in part with an opinion.
BOYD, Justice, concurring in part and dissenting in part.
Although I agree with portions of the majority opinion, I disagree with the final result. I agree with the majority's conclusion that the term "heinous, atrocious, or cruel" has not become unconstitutionally vague and is applicable to this case. See Proffit v. Wainwright, 685 F.2d 1227 (11th Cir.1982). However, I find that the trial judge erred in doubling up some of the aggravating circumstances and in not giving sufficient weight to the mitigating circumstance of appellant's age. Since the mitigating circumstances in this case outweigh the aggravating, I would vacate the death sentence and order that appellant be sentenced to life imprisonment.
I disagree with the majority's conclusion that we need not address the issue of the applicability of three of the aggravating circumstances. Contrary to what the majority opinion intimates, this Court did not previously specifically approve the validity of all the aggravating circumstances found by the trial court. In its original findings of fact in support of the death sentence, the trial court found:

*653 1. That three felonies, namely, Murder in the First Degree, Involuntary Sexual Battery and used or threatened to use in the process thereof a deadly weapon, and Robbery and in the course thereof carried a firearm, were committed by the Defendant, PAUL EDWARD MAGILL.
2. The capital felony of Murder was committed while the Defendant was engaged in the commission of, or flight after committing, the crime of Robbery and Rape.
3. The said capital felony was especially heinous, atrocious, and cruel, as there existed no logical or compelling reason for the Defendant to kill said robbery and rape victim and same was the heinous act of a person evincing a depraved criminal mind.
4. The said capital felony was committed in connection with the crime of robbery which was perpetrated for pecuniary gain.
On appeal we stated that the "trial judge used a reasoned judgment and, in the absence of sufficient mitigating circumstances, the death penalty was justified." Magill v. State, 386 So.2d 1188, 1191 (Fla. 1980), cert. denied, 450 U.S. 927, 101 S.Ct. 1384, 67 L.Ed.2d 359 (1981). This statement was true because the judge's findings established the existence of at least one aggravating circumstance. However, we did not specify which statutory aggravating circumstances the trial judge's findings supported as there was no need to. We remanded so that the trial judge could specifically list the mitigating circumstances which he may or may not have considered.
On remand the trial judge mentioned verbatim the same aggravating circumstances he listed in his original findings of fact. In addition he found:
That the Defendant, PAUL EDWARD MAGILL, proved the following mitigating circumstances, to wit:
(a) the evidence shows that defendant Magill was 17 years of age at the time of the offense charged;
(b) that the defendant Magill had no significant prior criminal record;
(c) the defendant's father passed away on Dec. 28, 1975.
Because the trial judge did find some mitigating circumstances existed, the weight to be attached to the aggravating circumstances, instead of their mere existence, becomes the critical factor in determining whether the death penalty is justified. It is therefore incumbent upon us to review the trial judge's entire sentence to ensure that his conclusions are correct.
In reviewing the trial judge's findings of fact, I am somewhat confused as to the meaning and purpose of his first finding which basically states that appellant committed first-degree murder, sexual battery, and robbery. This finding does not allude to any of the statutory aggravating circumstances. Appellant argues that this finding should not be used to establish a separate aggravating circumstance as it merely duplicates the trial judge's second finding that the capital felony was committed while appellant was engaged in the commission of, or flight after committing, the crimes of robbery and rape. Appellant further argues that if by any chance the trial judge meant for this finding to be the basis for the aggravating circumstance that appellant had previously been convicted of a felony involving the use or threat of violence against a person under section 921.141(5)(b), Florida Statutes (1981), then the trial judge erred because this finding refers to the "same aspect" which is the basis for finding that the crime was committed during a felony. See Provence v. State, 337 So.2d 783 (Fla. 1976), cert. denied, 431 U.S. 969, 97 S.Ct. 2929, 53 L.Ed.2d 1065 (1977). The state seems to have conceded this point by ignoring these arguments. In its answer brief the state fails to mention the trial judge's first finding, but instead argues that the trial judge did not err in finding as separate aggravating circumstances that the capital felony was committed during a violent felony, that it was committed for pecuniary gain, and that it was especially heinous, atrocious, and cruel.
I agree with the state's contention that the trial judge's findings support the existence *654 of three separate statutory aggravating circumstances. However, I also agree with appellant's contention that the trial judge must have also relied upon his first finding as an additional aggravating circumstance. Otherwise there would have been no purpose in listing appellant's convictions for first-degree murder, sexual battery, and robbery as a separate finding. Because the trial judge improperly relied upon this additional finding as an aggravating circumstance, he had to have attached too much weight to the aggravating circumstances when he compared them to the mitigating circumstances.
The trial judge also erred by not giving enough weight to the mitigating circumstances. At the penalty phase of the trial, appellant's mother testified that appellant, who was the youngest of three sons, was the only one still living at home at the time he committed the murder. She testified that appellant's father, to whom appellant was very close, died unexpectedly on December 28, 1975, and that after his death a change came over appellant. On resentencing, appellant's mother elaborated that after appellant's father's death, appellant began experiencing inner turmoil. Afterwards appellant's counsel argued that this evidence was sufficient proof that appellant was under severe emotional distress at the time of the incident. The state argued against such a finding. Although the trial court did not accept appellant's contention that he was under emotional distress, the court did find the death of appellant's father to be a mitigating circumstance.
As additional mitigating circumstances, the trial court also found that appellant had no significant history of prior criminal activity and that he was only seventeen years old at the time of the offense. Appellant's age should have been given greater weight in mitigation in light of the fact that he was a dependent minor who was still living at home. This Court has thus far vacated the death sentence of every defendant who has been under the age of eighteen. See Vasil v. State, 374 So.2d 465 (Fla. 1979), cert. denied, 446 U.S. 967, 100 S.Ct. 2945, 64 L.Ed.2d 826 (1980); Brown v. State, 367 So.2d 616 (Fla. 1979); Thompson v. State, 328 So.2d 1 (Fla. 1976). That is not to suggest that the death penalty should never be imposed on a minor. However, because of society's special concern for its juveniles, great significance should be attached to the fact that a person accused of a capital felony is a minor, especially a minor who is unemancipated.
Therefore appellant's age, along with the facts that he had no significant history of prior criminal activity and that he began suffering a personality disorder when his father died, are sufficient mitigating circumstances to outweigh the aggravating circumstances found to exist. I would therefore order that appellant's sentence be reduced to life imprisonment without eligibility for parole for twenty-five years.