437 So.2d 1070 (1983)
Vernon Ray COOPER, Appellant,
v.
STATE of Florida, Appellee.
No. 59970.
Supreme Court of Florida.
July 14, 1983.
Rehearing Denied October 10, 1983.
*1071 Judith J. Dougherty, Sp. Asst. Public Defender, Second Judicial Circuit, Tallahassee, for appellant.
Jim Smith, Atty. Gen. and Raymond L. Marky, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Vernon Cooper was convicted of first-degree murder and sentenced to death in 1974. We affirmed his conviction and sentence, Cooper v. State, 336 So.2d 1133 (Fla. 1976), and the Supreme Court of the United States denied his petition for certiorari, Cooper v. Florida, 431 U.S. 925, 97 S.Ct. 2200, 53 L.Ed.2d 239 (1977). Subsequently, Cooper filed a motion for postconviction relief which was denied by the trial court after an evidentiary hearing. He now appeals the denial of his request for postconviction relief. We affirm.
Among the issues which were raised in the proceeding below and which are renewed here are suggestions that counsel was ineffective at Cooper's trial and that the trial court violated the dictates of Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), in limiting the introduction of mitigating evidence relevant to Cooper's character, his record, and the circumstances of his offense.
The issue of ineffective assistance of counsel at Cooper's original trial was explored extensively at the hearing on Cooper's 3.850 motion. The trial court concluded that counsel was not ineffective. We have reviewed the record to determine whether this finding is supported by competent substantial evidence. The argument between Cooper and the State on this issue boils down to a verbal dispute as to whether counsel was extraordinarily canny (as the State suggests) or unwittingly negligent (as Cooper suggests). Both arguments are abstractly persuasive, but, in light of the facts developed at the evidentiary hearing and applying the standard we announced in Knight v. State, 394 So.2d 997 (Fla. 1981), we have little difficulty in concluding that the trial judge properly rejected Cooper's claim of ineffective assistance of counsel.
The other issues now presented were either raised or could have been raised in the original proceedings and are not appropriate matters for collateral attack. Hargrave v. State, 396 So.2d 1127 (Fla. 1981); Washington v. State, 397 So.2d 285 (Fla. 1981); Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980). Cf. United States v. Frady, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); Engle v. Isaac, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Only one of these issues merits discussion. This is Cooper's claim that the trial court violated the dictates of Lockett by unduly restricting the introduction of evidence relevant to nonstatutory mitigating circumstances. In his initial appeal from his conviction and sentence, Cooper raised the question of whether certain evidence he had proffered was probative and relevant to the statutory mitigating factors, and we answered this question in the negative. He now attempts again to raise the issue of relevancy of this evidence but on a different basis than originally argued in his direct appeal. He contends that Lockett, decided subsequent to his trial and appeal, compels a reversal of his sentence. When his original appeal was taken to this Court, however, Florida's law was consistent with the pronouncement of Lockett. In Songer v. *1072 State, 365 So.2d 696 (Fla. 1978), cert. denied, 441 U.S. 956, 99 S.Ct. 2185, 60 L.Ed.2d 1060 (1979), we held that the wording of the death penalty statute and the construction placed by this Court on that statute indicate unequivocally that the list of mitigating factors contained in this statute is not exhaustive. We referred to our earlier decisions in Buckrem v. State, 355 So.2d 111 (Fla. 1978); Washington v. State, 362 So.2d 658 (Fla. 1978), cert. denied, 441 U.S. 937, 99 S.Ct. 2063, 60 L.Ed.2d 666 (1979); McCaskill v. State, 344 So.2d 1276 (Fla. 1977); Chambers v. State, 339 So.2d 204 (Fla. 1976); Meeks v. State, 336 So.2d 1142 (Fla. 1976); Messer v. State, 330 So.2d 137 (Fla. 1976); and Halliwell v. State, 323 So.2d 557 (Fla. 1975), among others, to demonstrate this Court's constant view that all relevant circumstances may be considered in mitigation and that the statutory factors merely indicate principal factors to be considered. We made clear that Lockett did not change the law in Florida since our law preexisting Lockett was consistent with the dictates of Lockett.
Balancing the goals of the criminal justice system of ensuring finality of decisions and of ensuring fairness and uniformity in individual cases, in Witt v. State, we addressed the question of the significance of a change in decisional law on the finality of a fully adjudicated capital case. We explained the nature of a change of law that would be considered in a capital case under Rule 3.850 and said that this change of law must emanate from this Court or the Supreme Court of the United States, must be constitutional in nature, and must constitute a development of fundamental significance. Lockett did not change the law of Florida. Thus, Cooper, if he wanted to claim that the trial court unduly restricted the introduction of evidence relevant to nonstatutory mitigating circumstances, should have raised this claim on direct appeal. Having failed to do so, he may not now raise this claim for the first time in a Rule 3.850 motion. Postconviction proceedings are not intended to afford defendant a second appeal of matters that were or could have been raised on direct appeal, and a defendant cannot argue on appeal the relevancy of evidence on one ground and then by collateral attack again argue the relevancy of that evidence on a different ground.[*]
Accordingly, the trial court's denial of postconviction relief is affirmed.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD and EHRLICH, JJ., concur.
OVERTON and McDONALD, JJ., concur in conviction, but dissent from sentence.
NOTES
[*] We incidentally note that the trial court did in fact allow some testimony relevant to nonstatutory mitigating factors.