457 So.2d 1367 (1984)
Paul Edward MAGILL, Appellant,
v.
STATE of Florida, Appellee.
No. 64997.
Supreme Court of Florida.
September 20, 1984.
Rehearing Denied November 26, 1984.
*1368 Philip J. Padovano, Tallahassee, and Patrick D. Doherty, Clearwater, for appellant.
Jim Smith, Atty. Gen. and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellee.
ADKINS, Justice.
This case is before us on appeal from the denial of Magill's motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We also have before us a motion for a stay of execution. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
Magill was charged by indictment with the crimes of first-degree murder, sexual battery, and armed robbery. A plea of not guilty was entered and the case was tried before a jury on March 21, 1977. At the close of the guilt phase of the trial, the jury returned a verdict finding Magill guilty of each of the offenses. At the conclusion of the penalty portion of the trial, the jury returned an advisory verdict recommending the imposition of the death penalty. Consecutive life sentences were imposed for the charges of robbery and involuntary sexual battery, and the trial judge imposed a sentence of death on the charge of murder, in accordance with the recommendation of the jury.
Magill's direct appeal to this Court resulted in an affirmance of the conviction, but we remanded the case for a new sentencing hearing on the ground that the trial judge erred generally in his failure to list the mitigating circumstances which may or may not have been considered. Magill v. State, 386 So.2d 1188 (Fla. 1980), cert. denied, 450 U.S. 927, 101 S.Ct. 1384, 67 L.Ed.2d 359 (1981) (hereinafter Magill I).
On January 26, 1981, following the new sentencing hearing, the trial judge entered a new judgment supported by written findings of fact. The ultimate conclusion of the court was that there were insufficient mitigating circumstances to outweigh the aggravating circumstances. Accordingly, the trial judge resentenced Magill to death.
The second appeal to this Court involved only the validity of Magill's sentence. On March 10, 1983, this Court entered its opinion affirming the imposition of the sentence of death. Magill v. State, 428 So.2d 649 (Fla.), cert. denied, ___ U.S. ___, 104 S.Ct. 198, 78 L.Ed.2d 173 (1983) (hereinafter Magill II).
Governor Graham denied Magill's petition for executive clemency and signed a *1369 death warrant on February 21, 1984, directing the execution of the sentence at some time between March 16, 1984, and March 23, 1984. Subsequently, the Superintendent of the Florida State Prison scheduled the execution for Tuesday, March 20, 1984, at 7:00 a.m.
Shortly after the warrant was signed Magill filed a motion to vacate the judgment and sentence of death and a motion for stay of execution. The trial judge considered the evidence presented on Magill's behalf and entered an order denying the motion to vacate as well as the motion for stay of execution. On March 13, 1984, this Court entered a temporary stay of execution pending further order of this Court.
Magill asserted the following fundamental errors in his collateral challenge to the conviction and sentence: 1) that he was deprived of effective assistance of counsel at trial in violation of his rights under the sixth and fourteenth amendments; 2) that his plea of guilty of second-degree murder, made directly to the jury by trial counsel, was accepted by the court in the absence of a determination of voluntariness; 3) that the exclusion for cause of a juror who expressed a conscientious objection to the imposition of the death penalty upon youthful offenders deprived the defendant of his sixth and fourteenth amendment rights; 4) that the imposition of the death penalty upon a youth who was under the age of eighteen at the time of the offense constitutes excessive and disproportionate punishment in violation of the eighth and fourteenth amendments; 5) that the imposition of the death penalty in this case constitutes a denial of his equal protection rights as he is the only juvenile offender against whom a death warrant has been signed in the entire class of capital juvenile offenders; 6) that he was denied the effective assistance of counsel at sentencing in violation of the sixth and fourteenth amendments; 7) that the consideration by this Court of a psychological report denied him his sixth amendment right of confrontation and his right to a fair sentencing review required in capital cases by the eighth and fourteenth amendments; 8) that the approval of the use of certain aggravating circumstances prior to the sentencing on remand effectively deprived him of his right to a fair sentencing hearing in violation of his rights under the eighth and fourteenth amendments; 9) that the death sentence, in view of the overwhelming mitigating circumstances in his case, constitutes excessive and disproportionate punishment forbidden by the eighth and fourteenth amendments.
At his 3.850 hearing, the trial judge evaluated Magill's claim of ineffectiveness of counsel according to the standards which we set forth in Knight v. State, 394 So.2d 997 (Fla. 1981). Since that time the United States rendered its decision in Strickland v. Washington, ___ U.S. ___, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), discussing the standards to be applied when assessing ineffectiveness claims. However, the Supreme Court in Strickland held that, to the extent the lower court evaluated the claim according to whether the particular proceeding is unreliable because of a breakdown in the adversarial process, the standards articulated therein did not require reconsideration of ineffectiveness claims rejected under different standards. Moreover, in Jackson v. State, 452 So.2d 533 (Fla. 1984), we held that the Knight standard is not significantly different than the guidelines of Strickland. See also Downs v. State, 453 So.2d 1102 (Fla. 1984).
At his rule 3.850 evidentiary hearing, Magill asserted approximately thirteen different perceived failings of his counsel at trial. We find from our review of the record that those perceptions were faulty inasmuch as either the testimony contradicts the claim, or the perceived failing was not an act necessarily required of counsel, or Magill failed to demonstrate any specific prejudice to his case.
Among the claims asserted is the complaint that counsel failed to interview, depose or cross-examine certain witnesses or potential witnesses. Decisions on these matters are tactical choices and are within the standard of competency expected. See Armstrong v. State, 429 So.2d 287 (Fla.), *1370 cert. denied, ___ U.S. ___, 104 S.Ct. 203, 78 L.Ed.2d 177 (1983); Straight v. Wainwright, 422 So.2d 827 (Fla. 1982).
In order to characterize the lack of depositions as a specific omission, Magill would have to identify a specific evidentiary matter to which the failure to depose witnesses would relate. But the simple assertion that there were few or no depositions taken does not qualify as an identification of a specific omission. Messer v. State, 439 So.2d 875 (Fla. 1983). There is nothing in the motion or in the record to show admissible evidence that would be forthcoming from the witnesses or what material may have been brought out in cross-examination. Hence, there is no showing before this Court of a causal relationship between the failure to obtain the testimony at trial of these witnesses or failure to extract favorable testimony to the defendant upon cross-examination and the defendant's conviction. See Aldridge v. State, 425 So.2d 1132 (Fla. 1982), cert. denied, 461 U.S. 939, 103 S.Ct. 2111, 77 L.Ed.2d 315 (1983).
Magill also challenges his counsel's failure to file pretrial motions, motions to suppress and motions challenging the constitutionality of the death penalty as applied to this case. In each of these either the record shows the motion lacked merit or Magill failed to demonstrate the merit or requisite prejudice.
An attorney should raise any honestly debatable issue that may aid his client's position, but he is not obligated to raise every conceivable issue, and certainly not when he regards the argument as futile because of its lack of merit. Palmes v. State, 425 So.2d 4 (Fla. 1983). The defendant's right to reasonably competent counsel does not entitle him to have every conceivable challenge pressed upon the court. Scott v. Wainwright, 433 So.2d 974 (Fla. 1983).
Another of the perceived failings at trial was that counsel did not contest Magill's guilt during the guilt phase and that he allowed Magill to testify to his own guilt. Testimony at the evidentiary hearing firmly established that the defense of insanity was initially a considered possibility, but when medical examination of Magill revealed this was out of the question, the goal was clearly to obtain a conviction based on a lesser offense of second-degree murder to save his life and to obtain mercy from the jury. See e.g., McNeal v. Wainwright, 722 F.2d 674 (11th Cir.1984).
Magill contends that his counsel was ineffective at the penalty phase of the trial because he failed to present available mitigating evidence which would likely have changed the advisory verdict and because he failed to use existing favorable evidence to rebut the aggravating circumstances. The lower court properly denied relief on the basis of this claim after allowing the defendant to present the testimony of numerous witnesses.
The choice by counsel to present or not to present evidence in mitigation at the sentencing phase of trial is a tactical decision properly within counsel's discretion. Brown v. State, 439 So.2d 872 (Fla. 1983). It cannot be said that the further presentation of mitigating evidence would have been beneficial to the defendant or that such mitigating evidence even existed.
It is also asserted that counsel failed to contest the ruling of the court restricting the penalty proceeding to the statutory mitigating circumstances and that counsel failed to assert any non-statutory mitigating circumstances. These assertions are belied by the record. The transcript of the penalty phase proceedings upon remand does not show any limitations imposed upon the presentation of mitigating circumstances and the trial court did in fact find a non-statutory mitigating circumstance, i.e., that Magill's father passed away on December 28, 1975. In any event, a claim that the trial court unduly restricted the introduction of evidence relevant to non-statutory mitigating circumstances should have been raised on direct appeal. Cooper v. State, 437 So.2d 1070 (Fla. 1983), *1371 cert. denied, ___ U.S. ___, 104 S.Ct. 986, 79 L.Ed.2d 221 (1984).
The defendant further contends counsel failed to call any witnesses or present argument negating aggravating circumstances. However, the medical examiner and other unknown witnesses were never called to testify at the evidentiary hearing and it is not known what the substance of such testimony might be. Such a claim is speculative and is not supported by affidavit or evidence. An expert in capital cases testified that in such cases the medical examiner could testify that after the gunshot wound to the head the victim was rendered unconscious so as to show that the crime was not heinous, atrocious or cruel. While this may be true in some capital cases, there is no reason to believe it holds true in this case for this medical examiner absent something more than the fact that she was not called to testify.
In conclusion, applying the standards of Strickland and Knight, there was no sufficient deficiency in counsel's performance under the circumstances nor was there the requisite amount of prejudice shown.
Next Magill argues that imposition of the death penalty upon a defendant who was seventeen years old at the time of the offense is excessive and disproportionate punishment in violation of the eighth and fourteenth amendments and that it is a violation of his equal protection rights because he is the only juvenile offender against whom a death warrant has been signed. This issue is not properly presented in a 3.850 motion. Christopher v. State, 416 So.2d 450 (Fla. 1982).
Magill also argues that this Court considered a psychological screening report during the oral argument in the direct appeal from his conviction and sentence (Magill II) which was not provided to his appellate counsel. He contends that this is a violation of his rights under the fifth, sixth, eighth, and fourteenth amendments and relies on Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977).
The reliance on Gardner is misplaced under these circumstances. We have previously fully discussed this issue in Brown v. Wainwright, 392 So.2d 1327, 1332 (Fla.), cert. denied, 454 U.S. 1000, 102 S.Ct. 542, 70 L.Ed.2d 407 (1981). In that case we stated:
It is evident, once our dual roles in the capital punishment scheme are fully appreciated, that non-record information we may have seen, even though never presented to or considered by the judge, the jury, or counsel, plays no role in capital sentence "review." That fact is obviously appreciated by the United States Supreme Court, for it very carefully differentiated the sentence "review" process of appellate courts from the sentence "imposition" function of trial judges in Proffitt [Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976)] and in Gregg v. Georgia, 428 U.S. 153, [96 S.Ct. 2909, 49 L.Ed.2d 859] (1976).
A remaining question is whether the reading of non-record documents would so affect members of this Court that they could not properly perform their assigned appellate functions. Plainly, it would not. Just as trial judges are aware of matters they do not consider in sentencing, Alford v. State, 355 So.2d 108 (Fla.), cert. denied, 436 U.S. 935 [98 S.Ct. 2835, 56 L.Ed.2d 778] (1978), so appellate judges are cognizant of information that they disregard in the performance of their judicial tasks.
The upshot of this is that petitioners' claims are untenable.
Id. (footnote omitted.)
The remaining grounds asserted by Magill were not cognizable on collateral attack because they either were or could have been raised on direct appeal. Armstrong, 429 So.2d at 288; Thompson v. State, 410 So.2d 500, 501 (Fla. 1982).
Accordingly, we find no error and affirm the order of the trial court denying Magill's motion for post-conviction relief, and dissolve *1372 the stay of execution entered March 13, 1984.
It is so ordered.
ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.
BOYD, C.J., concurs in part and dissents in part with an opinion.
OVERTON, J., dissents.
BOYD, Justice, concurring in part and dissenting in part.
I concur in the Court's affirmance of the trial court's refusal to vacate Magill's convictions. However, for the reasons stated in Magill v. State, 428 So.2d 649, 652 (Fla.) (Boyd, J., concurring in part and dissenting in part), cert. denied, ___ U.S. ___, 104 S.Ct. 198, 78 L.Ed.2d 173 (1983), I would reverse the denial of relief insofar as it pertains to the sentence of death. The sentence of death imposed on the appellant was not the product of a proper weighing of the established aggravating and mitigating circumstances. While the facts of the murder appellant committed, seen in the abstract, seem to call for the most severe punishment available, facts pertaining to the appellant himself and his character and background should have been held to outweigh the aggravating circumstances. Of particular importance was the fact that he was an unemancipated minor at the time of the crimes. I would vacate the sentence of death and remand for imposition of a sentence of life imprisonment without eligibility for parole for twenty-five years.