PER CURIAM.
This case is before the Court on appeal from the denial of a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. This Court has jurisdiction. Art. V, § 3(b)(1), Fla. Const.
At the time of the filing of appellant’s motion, rule 3.850 provided in pertinent part as follows:
Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the prosecuting attorney of the court, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that ... there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resen-tence him or grant him a new trial or correct the sentence as may appear appropriate.
This rule limits the court’s initial consideration to the motion and the “files and records of the case.” It does not contemplate the consideration of a response by the state nor any resolution of factual matters without an evidentiary hearing.*
In the present case, the court found disputed factual matters not conclusively resolved by “the files and records of the case” and ordered a response by the state. The court then considered the response and denied the motion without a hearing. Such a procedure was not authorized by the rule under the circumstances.
We find that without reference to the state’s response the motion, considered with the files and records of the case, does not conclusively show that the prisoner is not entitled to any relief. We therefore reverse the order of the circuit court and remand with directions that the court hold an evidentiary hearing and thereafter render an appropriate judgment.
It is so ordered.
BOYD, C.J., and OVERTON, MCDONALD, EHRLICH and SHAW, JJ., concur.
ADKINS, J., dissents.

 The rule as amended subsequent to the filing of the motion in this case does provide for a response by the state and consideration thereof by the court in determining whether an evidentiary hearing is required. The Florida Bar Re Amendment to Rules of Criminal Procedure (Rule 3.850), 460 So.2d 907, 908 (Fla.1984).