503 So.2d 1250 (1987)
Phillip Dylan HOLLAND, Petitioner,
v.
STATE of Florida, Respondent.
No. 68320.
Supreme Court of Florida.
February 5, 1987.
Rehearing Denied April 10, 1987.
Richard L. Jorandby, Public Defender, Fifteenth Judicial Circuit, and Margaret Good, Assistant Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Jr., Atty. Gen., and Richard G. Bartmon and Eddie J. Bell, Asst. Attys. Gen., West Palm Beach, for respondent.
BARKETT, Judge.
We have for review Holland v. State, 484 So.2d 596 (Fla. 4th DCA 1986), which conflicts with Morgan v. State, 475 So.2d 681 (Fla. 1985). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The opinion of the district court below purports to apply the doctrine of harmless error to an erroneous denial of a defendant's right to an evidentiary hearing under Florida Rule of Criminal Procedure 3.850. We hold that the doctrine of harmless error is not susceptible to such an application.
*1251 On October 29, 1984, Holland filed a motion for postconviction relief in the circuit court under Florida Rule of Criminal Procedure 3.850. Holland alleged in part that he was denied effective assistance of counsel because during final argument his lawyer conceded his guilt to a lesser included offense and thereby contradicted his entire theory of defense. Rule 3.850 at that time[*] provided in pertinent part:
If the motion and the files and records in the case conclusively show that the prisoner is entitled to no relief, the motion shall be denied without a hearing. In those instances when such denial is not predicated upon the legal insufficiency of the motion on its face, a copy of that portion of the files and records which conclusively shows that the prisoner is entitled to no relief shall be attached to the order. Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the prosecuting attorney of the court, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.
The circuit judge denied Holland's motion for postconviction relief. Despite the express requirement of the rule, the trial court neither denied the motion on the basis of legal insufficiency, nor gave the defendant an evidentiary hearing, nor attached portions of the record which would conclusively demonstrate that petitioner was not entitled to relief. The judge simply stated that he had "reviewed the transcript of the Defendant's trial" and had determined that "the transcript of the closing argument when viewed in its totality reveals a vigorous argument that the Defendant was not guilty."
The district court, without any portions of the record to support the trial court's assertions and apparently conceding the defendant's entitlement to an evidentiary hearing, affirmed the trial court's order denying all relief:
Mr. Holland's motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850 was denied without an evidentiary hearing. Holland appeals, contending that he was entitled to a hearing under authority of Morgan v. State, 475 So.2d 681 (Fla. 1985). Facially, Holland is correct. However our review leaves us convinced that the error was harmless according to applicable criteria and that no purpose would be served by remanding for a hearing. Palmes v. State, 397 So.2d 648 (Fla. 1981) and Recinos v. State, 420 So.2d 95 (Fla. 3d DCA 1982). See also Section 924.33, Florida Statutes (1984).
484 So.2d at 596. The apparent application of the harmless error doctrine to a denial of an evidentiary hearing in this case compels us to reiterate the purposes and the appropriate application of the doctrine.
Implicit in the harmless error test is the concession that a right under either the federal and/or state constitutions or under state or federal rules or statutes has been violated. The determination of whether that error was prejudicial or harmless must begin by assessing, under specifically defined guidelines, the impact of the error on the result. Indeed, the underlying support for the harmless error rule is inextricably bound to its limitations. That is, courts have been persuaded to apply it because it is limited to those cases where, after the required scrutiny, the reviewing court can say that beyond a reasonable doubt the result would have been the same absent the error. See Rose v. Clark, ___ U.S. ___, 106 S.Ct. 3101, 3105, 92 L.Ed.2d 460 (1986); Delaware v. Van Arsdall, ___ U.S. ___, 106 S.Ct. 1431, 1436, 89 L.Ed.2d 674 (1986); Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967). Its acceptance is the result of compromising the competing principles described by Professor Mause:

*1252 In balancing the interests at stake in formulating and applying a harmless error rule two aspects should be emphasized. Since the rule does not apply until it is determined that there is error in the record, the danger of an overly broad harmless error rule is that verdicts based on error may be affirmed. Depending on the nature of the error, this will lead both to an unjust result in the case to which the rule is applied, and to a whittling away of the impact of the rule of law which defines the error. On the other hand, an overly narrow harmless error rule will lead to a waste of judicial resources through the needless reversal and retrial of cases which should have been affirmed.
In applying the harmless error rule to criminal convictions ... the balance of interests therefore involves two dangers: affirming the conviction of an innocent defendant, or more precisely a defendant who would not have been convicted in the absence of the error; and causing the state the needless expense of retrying an appellant's case only to reach the same result reached in the first trial. To state the interests to be balanced is to emphasize that uncertainty should almost always be resolved in favor of the criminal defendant.

Mause, Harmless Constitutional Error: The Implications of Chapman v. California, 53 Minn.L.Rev. 519, 519-20 (1969) (emphasis supplied).
The doctrine was originally developed for and generally occurs within a trial context. The analysis demands that all information necessary to weigh the impact of the error upon the result is present before the reviewing court. As former Chief Justice Burger noted in Holloway v. Arkansas, 435 U.S. 475, 490, 98 S.Ct. 1173, 1181, 55 L.Ed.2d 426 (1978):
In the normal case where a harmless-error rule is applied, the error occurs at trial and its scope is readily identifiable. Accordingly, the reviewing court can undertake with some confidence its relatively narrow task of assessing the likelihood that the error materially affected the deliberations of the jury.
In Holloway, the trial judge forced a defense lawyer to represent three codefendants despite the lawyer's pleas of conflict. Justice Burger's opinion is helpful in considering how the absence of information relates to a harmless error analysis:
It may be possible in some cases to identify from the record the prejudice resulting from an attorney's failure to undertake certain trial tasks, but even with a record of the sentencing hearing available it would be difficult to judge intelligently the impact of a conflict on the attorney's representation of a client. And to assess the impact of a conflict of interests on the attorney's options, tactics, and decisions in plea negotiations would be virtually impossible. Thus, an inquiry into a claim of harmless error here would require, unlike most cases, unguided speculation.
435 U.S. at 490-91, 98 S.Ct. at 1181-82.
In a case such as the one presently before us where the district court determined that the right to an evidentiary hearing had been erroneously denied, the impact of the error in precluding the presentation of evidence can never be harmless for the self-evident reason that a reviewing court does not know what that evidence would be.
Moreover, there are some rules of paramount importance in our jurisprudence which must be guarded from the dilution which is the negative "side effect" or necessary by-product of the application of the harmless error doctrine. It is axiomatic and almost unnecessary to note that those statutes and rules which require hearings prior to a judgment derive from the most basic of all rights under our legal system, the right to due process of law. The danger is obvious when one considers that the same analysis could be used to obviate the need for any trial at all in a case, for example, where the crime had been televised or videotaped. Harmless error can never be applied to those procedures by which the state has insured the defendant's right to be heard. The need for an evidentiary hearing presupposes that there are *1253 issues of fact which cannot be conclusively resolved by the record. When a determination has been made that a defendant is entitled to such an evidentiary hearing (as in this case), denial of that right would constitute denial of all due process and could never be deemed harmless.
Lastly, we are once again compelled to caution appellate courts that the burden upon the state to prove harmless error whenever the doctrine is applicable is most severe. See State v. DiGuilio, 491 So.2d 1129, 1139 (Fla. 1986). It is the duty of the panel of appellate judges to read the record in its entirety and review the issues with careful scrutiny in order to apply the test. Under the posture of this case, there was no "record" for the district court to "review." Florida Rule of Criminal Procedure 3.850 precludes briefs from being submitted to the district court when a denial of an evidentiary hearing has been appealed. The only "record" before the district court under the rule consisted of petitioner's motion and the order of the trial court, sans the attachments mandated by the rule. Indeed, the very reason that the rule requires that the court either grant the hearing or attach those portions of the record which would conclusively show that the defendant is not entitled to relief, is precisely because no other means exist by which a defendant can present a record to the appellate court. Without the attachments of the pertinent portion of the record, the reviewing court has nothing upon which to base its review. To permit the reviewing court to rely solely upon the trial court's naked assertion that the record supports his ruling is to deny the defendant any appeal at all.
Accordingly, we quash the decision below with directions to the district court to remand the matter to the trial court for an evidentiary hearing.
It is so ordered.
OVERTON, EHRLICH and SHAW, JJ., and ADKINS, J. (Ret.), concur.
McDONALD, C.J., dissents with an opinion.
McDONALD, Chief Justice, dissenting.
Holland is entitled to no relief nor any further hearing. The trial judge's order on Holland's motion reads as follows:
1. The Defendant makes two claims in this Motion for Post Conviction Relief. The first relates to an alleged denial of the effective assistance of counsel, in that his counsel allegedly stated, during his closing argument, that the Defendant was guilty. The Court has reviewed the transcript of the Defendant's trial, and has determined that the Defendant is referring to a comment reported on page 812 of the transcript of the Defendant's trial, during his counsel's closing argument to the jury. The Court has reviewed said transcripts and has determined that, assuming the accuracy of the court reporter's transcription of that particular page, this ground of the Defendant's Motion must be denied as a matter of law because, when viewed in its entirety, it is abundantly clear that counsel for the defense was arguing against a finding of guilt, and that by no stretch of the imagination can it be reasonably stated that the entirety of the closing argument reveals a concession of guilt by the defense attorney. Quite the contrary, the transcript of the closing argument when viewed in its totality reveals a vigorous argument that the Defendant was not guilty of the crime charged. Therefore, the Court rejects this first contention made by the Defendant herein.
2. The second ground raised by the Defendant alleges that the trial court interrupted jury deliberations and allowed the jury to go home before rendering a verdict. Even assuming the accuracy of the Defendant's contention that this incident occurred, the Court is of the view that this error, if committed by the trial court, does not give rise to the relief sought in the Defendant's Motion for Post Conviction Relief. First, the Court notes that this issue could have been raised on direct appeal, and consequently is not the type of issue which is cognizable by this Court in a motion pursuant to Florida Rule of Criminal Procedure *1254 3.850. Additionally, the Florida Supreme Court case upon which the Defendant relies was not rendered until 1984, two years after the Defendant's trial. This case has not been held to be retroactive, and the Court herein declines to do so at this time, especially in a post conviction proceeding of this nature.
3. Accordingly, the Defendant's Motion for Post Conviction Relief is hereby DENIED. The Defendant shall have thirty (30) days to appeal this Order.
This order demonstrates a correct determination that the files and records demonstrate that Holland's claim is either clearly refuted or has no legal basis. The district court reached the right conclusion. If there was any error it was solely because the trial judge failed to attach to his order that part of the transcript referred to in his order. This was clearly harmless because there is no question that the trial judge accurately cited the record. The truncated opinion of the district court may have made an erroneous pronouncement but its conclusion is sound.
NOTES
[*] It has since been amended. See The Florida Bar Re Amendment to Rules of Criminal Procedure (Rule 3.850), 460 So.2d 907 (Fla. 1984).