515 So.2d 975 (1987)
Floyd MORGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 69104.
Supreme Court of Florida.
August 27, 1987.
Rehearing Denied December 22, 1987.
Robert L. Weinberg and Dianne J. Smith, of Williams & Connolly, Washington, D.C., and Larry Helm Spalding, Capital Collateral Representative, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Mark C. Menser, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This case is an appeal from the denial of a motion for post-conviction relief filed under Florida Rule of Criminal Procedure 3.850. Because this case involves the imposition of the sentence of death, following a conviction of first degree murder, this Court has jurisdiction to review the trial court order. Art. V, section 3(b)(1), Fla. Const. We reverse and remand the case for resentencing in a proceeding consistent with this opinion.
The appellant was convicted of the first degree murder of a fellow inmate at Union Correctional Institute. Following a jury recommendation, by a seven to five vote, *976 the trial judge sentenced the appellant to death. On direct appeal, this Court affirmed the judgment of conviction, as well as the sentence. Morgan v. State, 415 So.2d 6 (Fla. 1982), cert. denied, 459 U.S. 1055, 103 S.Ct. 473, 74 L.Ed.2d 621 (1982). The appellant filed a motion for post-conviction relief, which was denied without hearing. This Court reversed that order and remanded the case to the trial court to take evidence on the motion. Morgan v. State, 475 So.2d 681 (Fla. 1985). On remand, the trial court held an evidentiary hearing and then denied the motion. The appellant now appeals the order denying his Rule 3.850 motion.
On appeal, the appellant asserts two arguments for reversal. The first argument is that the United States Supreme Court decision in Hitchcock v. Dugger, ___ U.S. ___, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987) requires this Court to reverse the capital sentence. Because of our disposition on that issue, we need not reach appellant's second argument, namely that he was deprived effective assistance of counsel during his capital sentencing proceeding.
In the Hitchcock sentencing hearing, the trial judge instructed the jury that "[t]he mitigating circumstances which you may consider shall be the following... ." 107 S.Ct. at 1824. The judge then listed the enumerated, statutory mitigating circumstances which the jury was permitted to consider in rendering its advisory sentence. As the Court in Hitchcock noted, there is no doubt that the trial judge felt restricted to those statutory mitigating factors.
The trial judge in this case in the proceedings below, instructed the jury in precisely the identical manner. Using the same language, the court expressly precluded the jury from considering any factors except those enumerated in section 921.141(6). Moreover, the court, in its order sentencing the appellant to death, examined the list of statutory mitigating circumstances and determined that none were applicable. Nowhere in his order is there any reference to any nonstatutory mitigating evidence proffered by the appellant. The state argues that there is no evidence that the trial court refused to consider such nonstatutory mitigating circumstances. We disagree with this view of the record. Our reading of the record leads to one conclusion. That is, that nonstatutory mitigating factors were not taken into account by the trial court, as required by Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), and now Hitchcock.
The Supreme Court in Hitchcock found this failure to consider nonstatutory mitigation to be dispositive:
We think it could not be clearer that the advisory jury was instructed not to consider, and the sentencing judge refused to consider, evidence of nonstatutory mitigating circumstances, and that the proceedings therefore did not comport with the requirements of Skipper v. South Carolina, 476 U.S. 1, 106 S.Ct. 1669, 90 L.Ed.2d 1 (1986), Eddings v. Oklahoma, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982), and Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978).
107 S.Ct. at 1824. Here, as in Hitchcock, it is clear that the trial judge did not allow for consideration of nonstatutory mitigating circumstances.
While it is true that the appellant was permitted to proffer evidence to rebut, explain, or refute aggravating circumstances presented by the state, this does not comport with the requirements of Lockett or Hitchcock. Such a limit on the admission of nonstatutory mitigating evidence places the proffering of that evidence entirely within the control of the prosecution. This we will not permit. It is abundantly clear from the record that the jury was not able to consider, and the trial judge did not take into account, any evidence of nonstatutory mitigating circumstances.
This error may not be considered harmless in light of the close nature of the jury recommendation vote. It is significant that the difference of one vote rendered the jury recommendation one of death rather than mercy. Under such, and other circumstances, the failure to consider nonstatutory mitigating factors cannot be termed harmless error.
*977 Because our determination that the appellant is due a new sentencing hearing, we need not address the issue of whether appellant was deprived effective assistance of counsel at the original sentencing proceeding. Any claim of ineffectiveness is mooted by our granting of a new sentencing proceeding.
The order of the court below, denying the appellant's Rule 3.850 motion is hereby reversed. We remand this case with directions to vacate the sentence of death and conduct, with a new jury, a sentencing proceeding consistent with this opinion.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.