526 So.2d 900 (1988)
Vernon Ray COOPER, Petitioner,
v.
Richard L. DUGGER, etc., Respondents.
No. 71139.
Supreme Court of Florida.
May 12, 1988.
Rehearing Denied July 18, 1988.
Judith J. Dougherty, Tallahassee, and Randy Hertz, New York City, for petitioner.
Robert A. Butterworth, Atty. Gen., and Raymond L. Marky and Richard E. Doran, Asst. Attys. Gen., Tallahassee, for respondents.
BARKETT, Justice.
Vernon Ray Cooper, a Florida prisoner under sentence of death, petitions this Court for a writ of habeas corpus. Petitioner argues that because the trial judge excluded nonstatutory mitigating evidence at his capital sentencing hearing, he is entitled to a new sentencing proceeding under Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), and Hitchcock v. Dugger, ___ U.S. ___, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987).[1] We have jurisdiction. Art. V, §§ 3(b)(1) and (9), Fla. Const. We grant the relief requested.
Cooper was convicted of robbery and first-degree murder and sentenced to death *901 by the trial judge following a jury recommendation of death. We affirmed his convictions and sentence of death in Cooper v. State, 336 So.2d 1133 (Fla. 1976) (hereinafter Cooper I), cert. denied, 431 U.S. 925, 97 S.Ct. 2200, 53 L.Ed.2d 239 (1977). We subsequently affirmed the trial court's denial of his request for postconviction relief. Cooper v. State, 437 So.2d 1070 (Fla. 1983) (hereinafter Cooper II), cert. denied, 464 U.S. 1073, 104 S.Ct. 986, 79 L.Ed.2d 221 (1984).
As a threshold matter, we reject the state's argument that petitioner's claim is procedurally barred. There is no procedural bar to Lockett/Hitchcock claims in light of the substantial change in the law that has occurred with respect to the introduction and consideration of nonstatutory mitigating evidence in capital sentencing hearings.[2]Downs v. Dugger, 514 So.2d 1069 (Fla. 1987); Thompson v. Dugger, 515 So.2d 173 (Fla. 1987).
It is now undisputed that "`the sentencer may not be precluded from considering, as a mitigating factor, any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death.'" Eddings v. Oklahoma, 455 U.S. 104, 110, 102 S.Ct. 869, 874, 7 L.Ed.2d 1 (quoting Lockett, 438 U.S. at 604, 98 S.Ct. at 2964-65 (plurality opinion of Burger, C.J.) (emphasis in original)). Furthermore, when the judge and the jury's consideration of mitigating circumstances is limited to statutory factors, the sentencing proceeding is constitutionally deficient and a new penalty phase proceeding before a jury is mandated. Hitchcock; Downs v. Dugger; Thompson v. Dugger; Riley v. Wainwright, 517 So.2d 656 (Fla. 1987); Morgan v. State, 515 So.2d 975 (Fla. 1987).
During petitioner's sentencing proceeding, held on June 24, 1974, he sought to introduce, among other things, the testimony of family and friends regarding his employment history and his attempts to rehabilitate himself since his release from a prior incarceration; the testimony of his girl friend regarding their relationship and defendant's character; and the testimony of several witnesses concerning his relationship with his accomplice in the crime, Stephen Ellis. The trial judge repeatedly sustained the prosecutor's objections to this evidence as irrelevant to the statutory mitigating factors. For example, the judge found the evidence of employment inadmissible because "the seeking of rehabilitation" does not "fall within the category of any of the guidelines given to us." The capital sentencing proceeding, the judge stated, had to be governed by the "guidelines ... which are actually enumerated in the statutes or those that might be more or less a side issue of those matters." The scope of petitioner's presentation of mitigating evidence was limited accordingly.
The jury thus was not permitted to hear much of the mitigating evidence which petitioner sought to introduce.[3] The jury was, moreover, specifically instructed to limit its consideration to three of the statutory mitigating factors.[4]
*902 Consistent with the trial judge's evidentiary rulings and instructions to the jury, his written findings made no reference to nonstatutory mitigating factors but indicated that the death penalty was required because "no statutory mitigating circumstances are presented by the evidence to be weighed against the aggravating circumstances."
It is quite clear from the record that the trial judge in this case was operating under the belief that Florida law precluded consideration of nonstatutory mitigating circumstances. The exclusion of the proffered testimony, the limiting instruction to the jury, and the fact that the sentencing judge believed himself limited to the mitigating factors in the statute deprived petitioner of his right to place before the sentencer any and all relevant mitigating evidence that was available. Petitioner's sentencing proceeding therefore did not comport with the requirements of Lockett and Hitchcock.
Conceding that the trial judge in this case operated under a mistaken belief that Florida law required exclusion of nonstatutory mitigating evidence, the state argues that the exclusion of petitioner's proffered testimony was not erroneous because the evidence was irrelevant, cumulative, or incompetent. We have carefully examined the record in this case and find this argument meritless. It is abundantly clear that the trial judge excluded any testimony outside the parameters of the statutorily enumerated factors and that even defense counsel's proffers were so limited.
Unquestionably, a defendant's potential for rehabilitation is a significant factor in mitigation. See Riley; Valle v. State, 502 So.2d 1225 (Fla. 1987); Puiatti v. State, 495 So.2d 128 (Fla. 1986), vacated on other grounds, ___ U.S. ___, 107 S.Ct. 1950, 95 L.Ed.2d 523 (1987); Rose v. State, 472 So.2d 1155 (Fla. 1985). Evidence indicating potential for rehabilitation, although not mitigating in the sense that it diminishes the defendant's culpability for the crime he committed, is clearly mitigating in the sense that it might serve as a basis for a sentence less than death. Cf. Skipper v. South Carolina, 476 U.S. 1, 106 S.Ct. 1669, 1671, 90 L.Ed.2d 1 (1986) (testimony regarding defendant's conduct while in prison would not relate specifically to culpability for the crime but would be mitigating in the sense that it might serve as basis for a sentence less than death). See also State v. Dixon, 283 So.2d 1, 7 (Fla. 1973) (death is unique punishment in its finality and total rejection of the possibility of rehabilitation), cert. denied, 416 U.S. 943, 94 S.Ct. 1950, 40 L.Ed.2d 295 (1974).
This Court therefore has recognized employment history as relevant to a defendant's potential for rehabilitation and productivity within the prison system if sentenced to life in prison. Fead v. State, 512 So.2d 176 (Fla. 1987); McCampbell v. State, 421 So.2d 1072 (Fla. 1982). See also Skipper, 106 S.Ct. at 1671 (defendant must be afforded opportunity to present evidence relevant to probable future conduct in prison).
Petitioner's proffered testimony concerning his prior employment and his efforts to rehabilitate himself since he was released from jail clearly was relevant mitigating evidence.
Similarly, we find the proffered testimony concerning the codefendant Ellis' reputation for violence, and Cooper's relationship with Ellis, relevant to petitioner's character as well as to the circumstances of the offense. This testimony was proffered to show Ellis' violent nature and dominant relationship to petitioner. By introducing *903 evidence of Ellis' violent character and domination of petitioner, defense counsel sought to persuade the jury that petitioner was easily led by Ellis and likely played a follower's role in the commission of the crime. This evidence, if accepted by the jury, along with the other evidence clearly would have been relevant to whether petitioner was deserving of the death penalty for this crime. See Troedel v. Wainwright, 667 F. Supp. 1456 (S.D.Fla. 1986), affirmed, 828 F.2d 670 (11th Cir.1987) (finding counsel ineffective in failing to investigate the background of a codefendant where defense theory is that codefendant, who had dominated and coerced defendant, was responsible for the murders). See also Thompson v. Wainwright, 787 F.2d 1447, 1450 (11th Cir.1986), cert. denied, ___ U.S. ___, 107 S.Ct. 1986, 95 L.Ed.2d 825 (1987).
The state has not demonstrated that the error in this case was harmless beyond a reasonable doubt or had no effect on the jury or judge. Under these circumstances, petitioner is entitled to a new sentencing hearing. Hitchcock.
Accordingly, we grant the writ, vacate petitioner's death sentence, and remand for a new sentencing proceeding before a jury.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Cooper recently petitioned for writ of federal habeas corpus. See Cooper v. Wainwright, 807 F.2d 881 (11th Cir.1986), cert. denied, ___ U.S. ___, 107 S.Ct. 2183, 95 L.Ed.2d 839 (1987). By order dated September 24, 1987, the United States District Court, Northern District, stayed the federal proceedings pending resolution of this petition.
[2] In Cooper I, which predated Lockett, Cooper raised the question of whether certain evidence he had proffered was probative and relevant to the statutory mitigating factors. Cooper II, 437 So.2d at 1071. In Cooper II, we rejected petitioner's Lockett claim as procedurally barred. 437 So.2d at 1072.
[3] The trial judge did permit the defense to present evidence on Cooper's general reputation in the community for being a peaceful law-abiding citizen. This evidence was restricted, however, to the traditional category of general character evidence:

This is as to general reputation, and not a personal opinion, as you well know. It's not what she personally thinks of him, but what other people think of him so far as [being a] peaceful law-abiding citizen.
The fact that the trial court did not wholly exclude all nonstatutory mitigating evidence is irrelevant in view of the trial judge's clear statements as to his view of the law at the time and the erroneous jury instruction. It is now well settled that the mere presentation of nonstatutory mitigating evidence does not satisfy the requirements of Lockett. Hitchcock; Riley; Downs.
[4] The judge gave the following instruction to the jury with respect to mitigating circumstances:

It is your duty to follow the law which will be given you now by the Court and to render to the Court an advisory sentence based upon your determination of whether sufficient aggravating circumstances exist to justify the imposition of the death penalty and whether sufficient mitigating circumstances exist to outweigh any aggravating circumstances found to exist.
.....
The mitigating circumstances which you may consider, if established by the evidence are these:
(a) That the crime for which the defendant is to be sentenced was committed while the defendant was under the influence of extreme mental or emotional disturbance;
(b) That the defendant was an accomplice in the offense for which he is to be sentenced, but the offense was committed by another person and the defendant's participation was relatively minor;
(c) The age of the defendant at the time of the crime.