ANSTEAD, Justice,
dissenting.
There is no credible basis for distinguishing this case from our holding in Hall v. State, 541 So.2d 1125 (Fla.1989), in which we decided as a matter of policy that Hitchcock claims should be presented under rule 3.850 rather than as habeas corpus petitions to this Court. Importantly, we acknowledged that “[ajppellate courts are reviewing, not fact-finding, courts.” 541 So.2d at 1128. Further, we specifically rejected the trial court’s conclusion that our earlier denial of a habeas corpus petition based upon the same grounds barred rule 3.850 relief for Hall:
We do not agree with the trial court’s ruling that our denial of relief in Hall VI, constitutes a procedural bar under the law of the case and res judicata. This case involves significant additional non-record facts which were not considered in Hall VI because that was a habeas corpus proceeding with no further development of evidence beyond the record. In this case, however, we are aided by the trial court’s findings of fact at the rule 3.850 hearing. Moreover, as we have stated on several occasions, Hitchcock is a significant change in law, permitting defendants to raise a claim under that case in postconviction proceedings. Cooper v. Dugger, 526 So.2d 900 (Fla.1988); Thompson v. Dugger, 515 So.2d 173 (Fla.1987), cert. denied, 485 U.S. 960, 108 S .Ct. 1224, 99 L.Ed.2d 424 (1988); McCrae v. State, 510 So.2d 874 (Fla.1987); Downs v. Dugger, 514 So.2d 1069 (Fla.1987).
541 So.2d at 1126. It is interesting to note that the vote in Hall was four to three with the three justices in dissent all expressing the view that no evidentiary hearing was necessary because even taking the proffered mitigation evidence as true, they did not believe it would change the outcome, i.e., the imposition of the death penalty. The position of the dissenters in Hall is remarkedly similar to the majority’s conclusion here that, “Because we take the asserted evidence in mitigation as true in reaching this decision, we find that an evidentiary hearing would not alter our conclusion.” Majority opinion at 706.
We should apply the analysis and holding of the majority in Hall, and not the analysis and holding of the dissenting justices. In failing to do so, we have erred in substituting our opinion for that of a jury who no one can deny should have been allowed to hear the defendant’s mitigating evidence. As noted by all of the opinions in this case, we are dealing with a defendant who has a lengthy and undisputed history of serious mental illness, who has even been found incompetent by a team of State experts appointed by the Governor, contrary to the opinion of Dr. Ro-bey, the State’s trial expert whose testimony is extensively relied on in the majority opinion. Under circumstances arguably less compelling, we afforded Hall the benefit .of an evidentiary hearing before a trial court. *708 There is no reasonable basis for treating Alvord differently.
KOGAN, C.J., concurs.