350 So.2d 1104 (1977)
STATE of Florida, Appellant,
v.
Walter ABRAMS, Jr., Appellee.
No. 76-1518.
District Court of Appeal of Florida, Fourth District.
October 4, 1977.
Rehearing Denied November 9, 1977.
Robert L. Shevin, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., West Palm Beach, for appellant.
David Roth of Cone, Owen, Wagner, Nugent, Johnson & McKeown, West Palm Beach, for appellee.
CROSS, Judge.
Appellant, State of Florida, seeks review of a trial court order granting appellee-defendant, Walter Abrams' motion for discharge. We reverse.
Abrams was found guilty after a jury trial and sentenced to ten years imprisonment for robbery. On appeal, Abrams' conviction was reversed by this court and remanded for new trial, as reported at 326 So.2d 211 (Fla. 4th DCA 1976). While a private attorney had initially represented Abrams, the public defender was appointed to prosecute the appeal. On remand, private counsel was served notice of Abrams' new trial date, at which time he moved to withdraw from the case, which motion was granted. The minutes of the hearing reflect that the trial judge expressed an intention to enter a written order appointing the public defender, and directed the clerk to notify the public defender's office to represent Abrams. Although the record does not reflect any written order of appointment of the public defender entered at *1105 that time, the public defender proceeded to represent Abrams. Trial date was set but due to the fact that Abrams did not arrive in the county for trial shortly before the set date, the public defender requested a continuance on the basis that proper trial preparations required further consultations with Abrams.
Upon the expiration of ninety days after the mandate was forwarded by this court to the trial court directing a new trial be granted, Abrams moved to be discharged pursuant to Fla.R.Crim.P. 3.191(g). At that time, Abrams alleged he had not been afforded a speedy trial, and the public defender's office did not represent him. After a hearing, the trial court determined the public defender's office was without authority to seek a continuance and waive Abrams' right to a speedy trial. Accordingly, the trial court found Abrams was not bound by the public defender's action and granted his motion for discharge. This appeal then followed.
The question presented by this appeal is whether the trial court erred in granting appellee's petition for discharge.
The principle is well established that the right to a speedy trial is waived when the defendant or his attorney request a continuance. The acts of an attorney on behalf of a client will be binding on the client even though done without consulting him and even against the client's wishes. McArthur v. State, 303 So.2d 359 (Fla.3d DCA 1974); Brown v. State, 328 So.2d 497 (Fla. 3d DCA 1976). Rule 3.191 does not require that the accused be present when a waiver is made; nor does it require that waiver be made personally by the accused.
In the instant case, a public defender was appointed to prosecute Abrams' appeal, pursuant to which the conviction was reversed. As a public defender was validly appointed to act as Abrams' attorney, and the benefits of the public defender's representation were accepted by Abrams, an attorney-client relationship was established which did not terminate upon the order for a new trial. The existence of an attorney-client relationship was never questioned until Abrams sought to be discharged for failure to be brought to trial within ninety days after the reversal of his conviction on appeal, contrary to Fla.R.Crim.P. 3.191(g). There was in existence a valid attorney-client relationship at the time the public defender sought a continuance two weeks prior to the expiration of the ninety days. Therefore, Abrams' right to a speedy trial was effectively waived. Abrams cannot accept the benefits of representation by the public defender until it is in his interest to deny the existence of that relationship. The public defender was authorized to act in Abrams' behalf; therefore, Abrams is bound by his attorney's actions.
Accordingly, the order of discharge is reversed, and the cause remanded for further proceeding.
Reversed and remanded.
ALDERMAN, C.J., concurs specially, with opinion.
DOWNEY, J., dissents, with opinion.
ALDERMAN, Chief Judge, concurring specially:
I concur and additionally point out that the defendant did not know that the public defender was purporting to represent him until after his return to Palm Beach County on June 4, 1976. At that time the ninety day period had not expired. The mandate had been received by the trial court on March 16, 1976; therefore, the ninety days allowed under Fla.R.Crim.P. 3.191(g) would have expired on June 14, 1976. After talking with an assistant public defender, the defendant took no action to advise the trial court and the state attorney that he did not want a continuance; instead, he took advantage of the continuance, waited until the ninety days had expired, and then filed his motion for discharge.
The trial judge, the state attorney and the public defender were acting in good faith. The continuance was believed by them to be on behalf of, for the benefit of, and in the best interest of the defendant. *1106 Once the defendant became aware of the continuance, at a time prior to the expiration of the ninety days, I think he had a duty to advise the trial judge and the state attorney that he didn't want the continuance and that he was ready for trial. If he had so advised the trial court and the state attorney, the case might have again been reset for trial before the expiration of the ninety day period. The defendant cannot take advantage of the continuance, count the days until the ninety days have expired, and then file his motion for discharge.
DOWNEY, Judge, dissenting:
If appellee had known the Public Defender was purporting to represent him after the Mandate came down and stood silently by until the speedy trial time had expired, I would agree the order of discharge should be reversed. However, the record before this court demonstrates that appellee had no such knowledge. Thus, the Public Defender's representation of appellee in the trial court and the two continuances which the Public Defender obtained were unauthorized and should not be binding upon appellee.
This position seems somewhat technical perhaps, but after the appeal was concluded the services for which the Public Defender was appointed were concluded and appellee then had three options. He could, if indigent, request the Public Defender to handle his new trial, he could represent himself, or he could employ private counsel. As far as appellee knew nothing was done so it is impossible to attribute any estoppel or waiver to the appellee. He knew nothing of the Public Defender's proposed appointment (which was never effectuated), nor of the Public Defender's activity on his behalf. When he first learned the Public Defender was purporting to represent him appellee advised the Public Defender he did not desire his counsel.
Therefore, I feel compelled to affirm the trial court's order discharging appellee under the Speedy Trial Rule.