FRANK D. UPCHURCH, Jr., Judge.
Darma Chiles appeals from an order revoking his probation. After Chiles was charged with violating his probation, he executed an affidavit of insolvency and was referred to the Public Defender. A few days later Chiles filed a pro se motion to dismiss his attorney alleging that appointed counsel was not doing enough for his case and that a conflict of interest existed. The trial court summarily denied this motion at the beginning of the revocation hearing.
The issue involved is whether the trial court erred in summarily denying Chiles’ motion. In denying the motion, the trial judge stated:
I see no matters contained in that motion that constitute a legal cause to dismiss Mr. Saunders as your Court appointed counsel in this matter.
If you are to have a Court appointed counsel provided for you, that court appointed counsel is going to be the Office of the Public Defender, and they have designated Mr. Saunders to represent you in this matter.
It is well established that the right of an indigent to appointed counsel includes the right to effective representation by such counsel.[1] Nelson v. State, 274 *727 So.2d 256, 257 (Fla. 4th DCA 1973). In Nelson, the Fourth District set forth the following procedures which a trial court should follow when a defendant requests the discharge of his court-appointed counsel prior to trial:
[W]here a defendant, before the commencement of trial, makes it appear to the trial judge that he desires to discharge his court appointed counsel, the trial judge, in order to protect the indigent’s right to effective counsel, should make an inquiry of the defendant as to the reason for the request to discharge. If incompetency of counsel is assigned by defendant as the reason, or a reason, the trial judge should make a sufficient inquiry of the defendant and his appointed counsel to determine whether or not there is reasonable cause to believe that the court appointed counsel is not rendering effective assistance to the defendant. If reasonable cause for such belief appears, the court should make a finding to that effect on the record and appoint a substitute attorney who should be allowed adequate time to prepare the defense. If no reasonable basis appears for a finding of ineffective representation, the trial court should so state on the record and advise the defendant that if he discharges his original counsel the State may not thereafter be required to appoint a substitute.
274 So.2d at 258-59. The trial court’s failure to follow this procedure requires that the order of revocation be reversed and that Chiles be afforded a new hearing. Nelson. See also Parker v. State, 423 So.2d 553 (Fla. 1st DCA 1982).
If the judge concluded that no reasonable basis existed for a finding of ineffective assistance, he should have informed Chiles that if he discharged counsel, the state would not be required to appoint a substitute. See Williams v. State, 427 So.2d 768 (Fla. 2d DCA 1983). Had this procedure been followed and Chiles been advised that substitute counsel would not be appointed, he could have insisted on dismissal of Saunders and chosen to exercise his right to represent himself provided his demand to do so was unequivocal. See Raulerson v. State, 437 So.2d 1105 (Fla. 1983) and Frazier v. State, 453 So.2d 95 (Fla. 5th DCA 1984). In this case, the procedure outlined in Nelson was not followed and in summarily denying Chiles’ motion, the trial judge indicated to Chiles that his only course was to accept Saunders as his advocate.
The order of revocation is REVERSED and the cause REMANDED for a new hearing.
COBB C.J., and ORFINGER, J., concur.

. We are not confronted in this case with the question of whether Chiles was entitled to appointed counsel at the revocation hearing. Suffice it to say that the trial court appointed counsel in this case. The district courts of appeal are currently split over whether probationers are per se entitled to appointed counsel at revocation proceedings, with the Second and Fourth districts holding they are, see Hicks v. State, 452 So.2d 606 (Fla. 4th DCA 1984) and Mullins v. *727 State, 438 So.2d 908 (Fla. 2d DCA 1983) and the First holding they are not. See Sanderson v. State, 447 So.2d 374 (Fla. 1st DCA 1984) and Holmes v. State, 448 So.2d 1070 (Fla. 1st DCA 1984).