508 So.2d 52 (1987)
Joseph Anthony CICCARELLI, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-1750.
District Court of Appeal of Florida, Fourth District.
June 10, 1987.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Carolyn V. McCann, Asst. Atty. Gen., West Palm Beach, for appellee.
ANSTEAD, Judge.
We have reviewed the record and have concluded that the trial court did not err in refusing to grant a mistrial on the grounds that a statement made by appellant was admitted at trial in violation of appellant's rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Although we agree that there is a serious question as to the admissibility of the statement, we believe that under the test set out in State v. DiGuilio, 491 So.2d 1129 (Fla. 1986), any error in admitting the statement was harmless. See also State v. Dellorfano, 128 N.H. 628, 517 A.2d 1163 (1986).
In determining that the error involved herein was harmless we have relied extensively upon the review of the evidence set out in the parties' briefs and our own internal review process by which the court's legal staff directly examines the trial court record to be certain that the court is presented with an accurate description of the evidence. Each judge on the panel has not independently read the record in its entirety. While we are confident that this review has been both complete and accurate, we are concerned as to whether our review is in accord with the holding in Holland v. State, 503 So.2d 1250 (Fla. 1987), which appears to hold that it is the duty of each appellate judge to read the entire trial court record before determining whether trial error may be harmless.
Our primary concern is that we comply with the supreme court's directions in resolving a harmless error claim by the state. At the same time, however, we must acknowledge some concern for the sheer amount of judicial time that will be required if, indeed, each judge must read the entire record before harmless error may be found. While the record is not especially lengthy in the present case, we must note that a claim of harmless error is raised in the vast majority of criminal appeals and our ability to manage an already staggering caseload will certainly be affected by a requirement that each judge read the entire record. Notwithstanding our concerns we will, of course, rigorously apply the standard of review mandated by the supreme court. We certify the following question as one of great public importance:

*53 IS IT NECESSARY, IN EVALUATING AN ASSERTION OF HARMLESS ERROR IN A CRIMINAL APPEAL, THAT EACH APPELLATE JUDGE INDEPENDENTLY READ THE COMPLETE TRIAL RECORD?
Accordingly, we affirm appellant's conviction.
DOWNEY, J., concurs.
STONE, J., concurs specially with opinion.
STONE, Judge, concurring specially.
I concur because, in my judgment, there was no Miranda violation and therefore no error in admitting the testimony. United States v. Gay, 774 F.2d 368 (10th Cir.1985). However, if Miranda warnings were required, then the error in admitting the evidence should not be considered harmless. The harmless error test in DiGuilio, 491 So.2d 1129 (Fla. 1986), applies to improper comments by the State or a witness, and not to the admission of involuntary or coerced statements. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) (Stewart, J., concurring). I do agree with that portion of the opinion concerning the certified question.