PER CURIAM.
After being fully apprised of his right to remain silent the appellant — voluntarily and intelligently — gave an eighteen-page detailed confession stating that he offered Larry Turner $100,000 to assassinate two judges who had issued rulings adverse to his father in state court criminal proceedings. The confession was corroborated by Turner who was the state’s main witness.
Ingvaldsen’s main issue on the challenge to the conviction is that he was unfairly prejudiced by evidence, admitted under the “Williams rule,” that he had previously solicited others to arrange a prison escape for his father.
Any unfair prejudice caused to the appellant by the improper admission of “other crimes” evidence, section 90.404(2), Florida Statutes (1987), was indeed harmless. In making the harmless error analysis we have examined the entire record to include a close examination of the impermissible evidence which might have influenced the jury verdict, and conclude that there is no reasonable possibility that the error contributed to the conviction. Ciccarelli v. State, 531 So.2d 129 (Fla.1988). The confession, voluntarily and intelligently given, and independently corroborated, would have supported the same result.
No reversible error is demonstrated by the remaining points on appeal.
AFFIRMED.
SCHWARTZ, ALAN R., BASKIN, NATALIE, and FERGUSON, WILKIE D., Jr., Associate Judges, concur.