PER CURIAM.
Reynolds Brooks appeals his convictions for armed robbery, kidnapping with a weapon, burglary of an occupied conveyance with a weapon, and unlawful possession of a weapon while engaged in a criminal offense. Brooks argues that the trial court erred in failing to conduct an inquiry concerning his request to discharge his court-appointed counsel. We reverse.
In Hardwick v. State, 521 So.2d 1071 (Fla.), cert denied, — U.S. -, 109 S.Ct. 185, 102 L.Ed.2d 154 (1988), the Florida Supreme Court approved the procedure set forth in Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), to be applied when a defendant seeks to discharge court-appointed counsel:
If incompetency of counsel is assigned by the defendant as the reason, or a reason, the trial judge should make a sufficient inquiry of the defendant and his appointed counsel to determine whether or not there is reasonable cause to believe that the court appointed counsel is not rendering effective assistance to the defendant. If reasonable cause for such belief appears, the court should make a finding to that effect on the record and appoint a substitute attorney who should be allowed adequate time to prepare the defense. If no reasonable basis appears for a finding of ineffective representation, the trial court should so state on the record and advise the defendant that if he discharges his original counsel the State may not thereafter be required to appoint a substitute.
Hardwick, 521 So.2d at 1074-75; see Johnston v. State, 497 So.2d 863 (Fla.1986) (trial court must examine defendant’s reasons to support motion for discharge of counsel *930 and grounds for counsel’s motion to withdraw).
Here, appellant filed several written motions alleging conflict of interest and requesting dismissal of his counsel. The judge summarily denied the motions. Prior to the commencement of trial, defendant orally renewed the motion to dismiss counsel.[1] In each motion, defendant clearly challenged his counsel's competence; nevertheless, the trial court made no inquiry of either Brooks or his counsel and failed to rule on whether a reasonable basis existed for Brooks’ belief that his counsel was not rendering effective assistance. In fact, the court did not give full consideration to the motions and even prevented Brooks from explaining the reason for his request. In response to Brooks’ attempts to recount his reasons for seeking to discharge his counsel, the trial court repeatedly threatened to bind and gag Brooks. Although we are cognizant of the court’s attempts to proceed with the trial, we conclude that under the circumstances of the case before us, the trial court’s failure to conduct a meaningful inquiry constitutes error. See Williams v. State, 532 So.2d 1341 (Pla. 4th DCA 1988); Nelson; Chiles v. State, 454 So.2d 726 (Fla. 5th DCA 1984); Parker v. State, 423 So.2d 553 (Fla. 1st DCA 1982); cf. Scull v. State, 533 So.2d 1137 (Fla.1988) (where defendant sought to remove counsel for conflict of interest, court’s failure to consider defendant’s reasons mooted by defendant’s statements of satisfaction with his attorney toward the end of trial); Hardwick, 521 So.2d at 1075 (supreme court finds no error “where trial court made a proper inquiry, allowed the defendant to state his reasons for asserting his claims, and specifically found that defense counsel was competent as to those reasons."); Koon v. State, 513 So.2d 1253 (Fla.1987) (no error where court made adequate inquiry into the quality of defense counsel’s representation and nothing in record indicates that defendant would have been better served by other counsel), cert. denied, 485 U.S. 943, 108 S.Ct. 1124, 99 L.Ed.2d 284 (1988).
The state contends that the court was not required to conduct a hearing where defendant’s ground for dismissing counsel —counsel’s hostility toward him — was not related to attorney competence. In addition, the state points out that the court considered and denied defendant’s earlier motions to dismiss counsel, and argues that the court properly relied on its observations of defense counsel’s efforts in evaluating defendant’s motions. We disagree with these contentions for several reasons.
First, we reject the state’s assertion because defendant alleged not only that counsel was hostile, but also that he was ineffective.[2] Cf. Smelley v. State, 486 So.2d 669 (Fla. 1st DCA 1986) (where defendant failed to cite “incompetency as reason for concern and did not attempt to clarify request at hearing, trial court was not required to make full inquiry.”). Next, we conclude that the court did not conduct an adequate inquiry at the pretrial hearing on defendant’s written motion. In that hearing, defendant received only perfunctory consideration. The court asked defendant one question, did not question counsel, and did not rule on defendant’s motion.[3] The court did not conduct a hearing on defendant’s subsequent motions to dismiss counsel.
*931 Finally, we find that the record does not support the state’s contention that the court was aware of counsel’s trial preparation. Although the record notes several hearings at which defense counsel appeared on behalf of defendant Brooks, it does not reflect the scope of counsel’s efforts or refute Brooks’ contentions. Cf. United States v. Hill, 2 F.L.W. Fed. 1711, 1712 (11th Cir. Jan. 11, 1989) (where defendant alleged ineffective assistance of counsel in pretrial preparation and trial court “examined quality of counsel’s pretrial representation and concluded that attorney had provided ‘complete and more than adequate preparation’ of the case” appellate court found that claim of ineffective assistance of counsel failed.).
Having decided that the court’s failure to conduct a hearing constituted error, we must determine whether the error was harmless. See Williams. “The state ... has the burden of proving ‘beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the verdict.’ ” Ciccarelli v. State, 531 So.2d 129, 131 (Fla.1988) (quoting State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986)). This court is required to reverse appellant’s convictions “unless the state can prove beyond a reasonable doubt that the error was harmless.” Ciccarelli, 531 So.2d at 131. Where the state does not present “a prima facie case of harmlessness in its argument the court need go no further.” Ciccarelli. Here, the state argues only that the trial court did not err. It does not argue that the error was harmless. Because we are unable to say that the error was harmless beyond a reasonable doubt, we reverse the conviction and remand for a new trial.[4] Cf. Kott v. State, 518 So.2d 957 (Fla. 1st DCA 1988) (where defendant proceeded to trial with court-appointed attorney, made no additional attempt to dismiss attorney or request self-representation, and no evidence of conflict during trial was shown, court’s failure to conduct more extensive inquiry regarding motion to discharge at most only harmless error).
Reversed and remanded.

. Brooks also requested permission to act as co-counsel. The court granted him permission, but limited the extent of his participation. The court instructed Brooks to call to counsel’s attention any objection, and stated that the court would then discuss the matter outside the jury's presence. See Raulerson v. Wainwright, 732 F.2d 803 (11th Cir.1984); see also Frazier v. State, 453 So.2d 95 (Fla. 5th DCA 1984).

. Defendant stated: Mr. Carter here hasn’t presented me with any kind of effective counsel, legal counsel.

.The Court: What is the nature of the conflict? Do you have a conflict with your attorney or does he have a conflict with you?
The Defendant: I have a conflict with him. Undoubtedly he has one with me because nothing is getting done and I can’t see why I should continuously be held under conditions ... that I sustained injuries....

. Brooks’ assertion that his convictions and sentences for both armed robbery and display of a weapon while engaged in a criminal offense constitute an impermissible dual punishment for a single act is a correct statement of the law. Hall v. State, 517 So.2d 678 (Fla.1988).