557 So.2d 138 (1990)
John Henry TAYLOR, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. BR-47.
District Court of Appeal of Florida, First District.
February 13, 1990.
*139 Michael E. Allen, Public Defender, and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
John Henry Taylor, pro se.
Robert A. Butterworth, Atty. Gen., and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
John Henry Taylor, Jr., appeals a final judgment adjudicating him guilty of first-degree felony murder.[1] Of the several issues *140 raised on appeal, three require reversal.
Taylor was charged with first-degree murder of Terry Durham, and the court appointed a public defender to represent him. Five days before trial was to commence, Taylor's attorney filed a motion for continuance stating that he needed additional time to complete discovery and that Taylor would waive speedy trial upon the court's granting the motion. The attorney explained at a hearing on this motion that he needed the additional time to investigate a crucial change in the testimony of one of the state's key witnesses, LaPorshal Austin. The court recognized that Taylor opposed his attorney's motion for continuance and granted the motion against Taylor's wishes.
Subsequent to this hearing, Taylor, acting pro se, filed several pleadings and letters with the court requesting recusal of the trial judge on grounds of prejudice, appointment of a different attorney to represent him because the attorney then representing him had obtained a continuance over his objection, and discharge of the charged offense on the ground that his right to a speedy trial had been violated. Taylor reiterated at a subsequent motion hearing that he did not want his court-appointed attorney to represent him any longer. The trial judge recalled at the hearing that he had granted the motion for continuance over Taylor's objection, and stated that, "in a sense I sort of crammed it down Mr. Taylor's throat, being continued even though he didn't want it." The judge then told Taylor that he was "going to break the speedy trial rule." At that time, the public defender moved to withdraw from representing Taylor, alleging an irreconcilable conflict with Taylor and a consequent duty to withdraw. Taylor again stated to the court that he wanted to fire the attorney, and stated that he understood that if the court granted his request, the case would have to be rescheduled for a date 6 months later. The court denied the attorney's request to withdraw and denied Taylor's motion that the attorney be removed from his case. Taylor then sought to disqualify the presiding judge, asserting that the trial judge had stated in open court that he was going to "step down" from the case because he was prejudiced. The judge denied making the statement, accused Taylor of calling him a liar, and abruptly ended the hearing.
Taylor's appointed counsel subsequently filed an emergency motion for a temporary restraining order requesting that the court prohibit all parties from contacting witness LaPorshal Austin. The motion alleged, inter alia, that the prosecutor had violated Fla.R.Cr.P. 3.220(b)(3) by directing non-trial subpoenas to Austin and three members of her family without notice to the defense and that the subpoenas compelled Austin to appear at the state attorney's office where she was examined outside the presence of defense counsel. Taylor's attorney presented the motion to the chief judge of the circuit, as the judge assigned to the case was out of town, but the chief judge refused to rule on it. Taylor's appointed counsel then filed a "motion for continuance, for plenary hearing on the issues of discovery violations, intimidation of witnesses and/or interference with defense investigation and advocacy, and prosecutorial misconduct, and for ancillary relief." The motion realleged many of the statements contained in the motion for restraining order and asked for a continuance until such time as the trial court had the opportunity to rule against a fully-developed factual background. The trial judge denied the motion without an evidentiary hearing.
The case proceeded to a jury trial. Evidence was presented to establish that on *141 the date of Terry Durham's death, Taylor and Durham argued about money that Durham allegedly owed Taylor for selling fake cocaine (it was B.C. Headache Powder) for Taylor. Evidence was presented that while Taylor and Durham were arguing, Durham reached behind him, as if he were reaching for a gun, and Taylor shot him in the head. The jury found Taylor guilty of first degree felony murder,[2] and on November 26, 1986, the lower court entered judgment in accordance with the verdict and sentenced Taylor to life in prison.
After the public defender's office filed an Anders brief on appeal, Taylor filed a pro se brief. He argued that he was deprived of due process by being convicted of a crime not charged, and that the state did not prove the felony-murder charge beyond a reasonable doubt. We affirm these issues without discussion. However, the newly-appointed public defender's brief presents five additional issues that require discussion.[3]
The first point raised in this brief argues that the trial court denied Taylor his constitutional right to a speedy trial when it granted his attorney's motion for continuance over Taylor's own objections. We have found no Florida case determining whether a criminal defendant's right to a speedy trial[4] is waived when the trial court, over the defendant's express objections, grants a continuance requested by the defendant's counsel on the ground that he is not prepared for trial. In State v. Abrams, 350 So.2d 1104 (Fla. 4th DCA 1977), the fourth district stated that the right to a speedy trial is waived when the defendant or his attorney requests a continuance. Abrams further states that the acts of an attorney on behalf of his client are binding on the client even if done against the client's wishes. 350 So.2d at 1105. This second statement is only dictum, however, because the facts recited in Abrams do not show that the continuance requested by the defendant's attorney was obtained against the defendant's wishes. Rather, it appears that the defendant in Abrams did not assert a violation of the speedy trial rule until after the continuance had been obtained and the statutory speedy trial period had expired. Therefore, although Abrams contains a statement supporting the state's position that Taylor's right to a speedy trial was waived by his attorney's request for a continuance, that decision is not dispositive of the precise issue raised by this appeal.
Our research has revealed two out-of-state cases that address the narrow issue presented here. In Townsend v. Superior Court, 15 Cal.3d 774, 126 Cal. Rptr. 251, 543 P.2d 619 (1975), the supreme court of California held that a defendant's counsel effectively waived his client's statutory right to a speedy trial by obtaining continuances of the defendant's trial date over the defendant's specific objections. The court stated that the constitutional right to a speedy trial is "undeniably `as fundamental as any of the rights secured by the Sixth Amendment'" and "counsel may not waive this constitutional right over his client's objections." 126 Cal. Rptr. at 256, 543 P.2d at 624. However, the court distinguished the Sixth Amendment right from the statutory implementation of the constitutional right requiring trial within 60 days and held that the latter "cannot properly be termed `fundamental' ... and therefore beyond counsel's primary control." Id. Noting that the case presented a confrontation between the "right to a speedy trial constitutionally guaranteed and statutorily implemented," and the right to competent, adequately prepared counsel, the court concluded that the defendant's right to be represented by counsel who was prepared for trial outweighed his right to have a trial *142 within the statutory period. Id., 126 Cal. Rptr. at 257, 258, 543 P.2d at 625, 626. Similarly, in People v. Carr, 9 Ill. App.3d 382, 292 N.E.2d 492 (1972), an Illinois appellate court held that a defendant's right to a speedy trial was not violated where a continuance was granted at his attorney's request but over the defendant's strenuous objections. As in Townsend, the Illinois court's holding was based on the defendant's entitlement to effective assistance of counsel and the fact that the defendant's counsel was not prepared to go to trial at the time the case was originally scheduled.
We adopt the rationale stated in Townsend and Carr. Here, appellant's counsel requested a continuance because one of the state's key witnesses, who had originally stated that she did not see the shooting, changed to a new story stating that she saw the shooting and that someone other than Taylor fired the shot. Taylor's counsel moved for a continuance on the ground that he needed time to pursue questions raised by this new story. Fla.R. Crim.P. 3.191(f)(4) permits an extension of time past the speedy trial period where the accused shows a necessity for delay "grounded on developments which could not have been anticipated and which [would] materially affect the trial." We conclude that in light of counsel's representations, it was clearly within the trial court's discretion to determine that Taylor's counsel made the showing required by rule 3.191(f)(4). Thus, the court properly granted the extension of time and did not violate Taylor's right to be tried within the speedy trial period prescribed by rule 3.191(a). Furthermore, Taylor's constitutional right to a speedy trial was not violated because the trial extension was reasonable and necessary to protect his right to competent, adequately prepared counsel. We affirm the first point.
The brief next argues that the trial court erred in denying Taylor's motion for judgment of acquittal on the state's charge of robbery.[5] It contends that the evidence showed Taylor was attempting to obtain his own money from Durham at the time of Durham's death, and thus was insufficient to prove the crime of robbery. See Simkovitz v. State, 340 So.2d 959 (Fla. 3d DCA 1976) (essential element of crime of larceny is that property stolen must have been the property of one other than the thief). This argument is not persuasive for the following reasons. "Ownership," as used in the context of the crime of theft, is a term of art meaning any possession that is rightful as against a thief, and such element is satisfied by proof of temporary possession or control of the property taken or by proof of a custodial interest in that property. R.C. v. State, 481 So.2d 14 (Fla. 1st DCA 1985). In this case, evidence was presented that Taylor shot Durham while trying to force Durham to give him money that Durham supposedly owed him for selling fake cocaine. The evidence showed that the money Taylor forced from Durham at gun point was within Durham's custody, control, and temporary possession, and that Durham disputed Taylor's right to possess the money. This evidence was sufficient to satisfy the adverse ownership element of the crime of robbery. The trial court properly denied Taylor's motion for judgment of acquittal as to robbery.
The third point raised is that the trial court erred in denying Taylor's motion to have the trial judge recuse himself from the case. Contrary to the state's assertion, the record reflects that this motion was properly before the trial court for consideration. When a defendant files a motion for disqualification of a judge, that judge may determine only the legal sufficiency of the motion. Fla.R.Cr.P. 3.230(d); Bundy v. Rudd, 366 So.2d 440 (Fla. 1978). If the judge passes on the truth of the allegations contained in the motion, a denial of such motion must be reversed even where the motion is legally insufficient. Haggerty v. State, 531 So.2d 364 (Fla. 1st DCA 1988), rev. denied, 542 So.2d 988 (Fla. 1989). Here, the trial judge explicitly denied the truthfulness of the facts alleged by Taylor *143 and accused Taylor of calling him a "liar." This was reversible error requiring a new trial before another judge as a matter of law.
The fourth point raised argues that the trial court erred in failing to conduct an adequate inquiry into the prosecutor's subpoenaing and examining LaPorshal Austin without notifying defense counsel. On the record before us we conclude that this occurrence constituted a clear breach of Florida Rule of Criminal Procedure 3.220(b)(3),[6] and required the trial court to conduct an inquiry covering
at least such questions as whether the state's violation was inadvertent or wilful, whether the violation was trivial or substantial, and most importantly, what effect, if any, did it have upon the ability of the defendant to properly prepare for trial.
Richardson v. State, 246 So.2d 771, 775 (Fla. 1971). The transcript of the hearing on Taylor's motions regarding this discovery violation reveals that none of the inquiries required by Richardson was conducted and contains no finding by the trial court as to whether the state violated rule 3.220 or whether Taylor's defense was prejudiced by this occurrence. Nor do circumstances establishing non-prejudice to Taylor's case affirmatively appear in the record. See Richardson v. State, 246 So.2d at 775. Accordingly, the conviction must be reversed for a new trial on this point.
The fifth point argues that the trial court erred in failing to inform Taylor of his right to represent himself after Taylor moved to discharge his court-appointed counsel. In Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), approved, Hardwick v. State, 521 So.2d 1071 (Fla.), cert. denied, ___ U.S. ___, 109 S.Ct. 185, 102 L.Ed.2d 154 (1988), the court stated that where a defendant makes it appear to the trial judge before trial that he desires to discharge his court-appointed counsel, the court is to inquire into the reason for the defendant's request and if such reason is incompetency, the trial judge is to make a sufficient inquiry to determine whether there is reasonable cause to believe that the court-appointed counsel is not rendering effective assistance to the defendant. 274 So.2d at 258. Further,
if no reasonable basis appears for a finding of ineffective representation, the trial court should so state on the record and advise the defendant that if he discharges his original counsel the State may not thereafter be required to appoint a substitute.
274 So.2d at 258-259. In Chiles v. State, 454 So.2d 726 (Fla. 5th DCA 1984) the fifth district, when faced with a situation similar to the instant case, stated
If the judge concluded that no reasonable basis existed for a finding of ineffective assistance, he should have informed Chiles that if he discharged counsel, the state would not be required to appoint a substitute. See Williams v. State, 427 So.2d 768 (Fla. 2d DCA 1983). Had this procedure been followed and Chiles been advised that substitute counsel would not be appointed, he could have insisted on dismissal of Saunders [his court-appointed attorney] and chosen to exercise his right to represent himself provided his demand to do so was unequivocal.

454 So.2d at 726-727 (emphasis added).
In the case before us, the trial court made a sufficient inquiry into the reason Taylor desired to discharge his counsel and found that the attorney was rendering effective assistance in the case.[7] However, a determination of competency of counsel does not fully satisfy the duties imposed on the trial court. The trial judge erred in failing to advise Taylor that his attorney could be discharged but the state would not be required to appoint substitute counsel and that Taylor had the right to represent himself. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). *144 We are unable to view this error as harmless, for the state argues only that the court did not err; it does not argue that the error was harmless and thus has not carried its burden under Ciccarelli v. State, 531 So.2d 129 (Fla. 1988), and State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). Brooks v. State, 555 So.2d 929 (Fla. 3d DCA 1990).
REVERSED and REMANDED.
JOANOS and THOMPSON, JJ., concur.
NOTES
[1] The protracted length of time that has passed between entry of the lower court's judgment, November 26, 1986, and our decision warrants explanation. The first delay resulted from the court reporter's failure to file the transcript of the lower court proceedings until November 6, 1987, some 9 months late. Subsequently, the special assistant public defender who was appointed to represent Taylor in his appeal requested and received two 30-day extensions of time for filing the initial brief. This attorney ultimately filed an initial brief on February 29, 1988, that stated that he was unable to make a good faith argument that reversible error occurred at the trial level. Because this brief did not comply with the requirements of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Smith v. State, 496 So.2d 971 (Fla. 1st DCA 1986), and Forrester v. State, 542 So.2d 1358 (Fla. 1st DCA 1989), this court struck the brief and ordered that an amended initial brief complying with the above-cited cases be filed within 20 days. Subsequent to this order, a different assistant public defender was assigned to represent Taylor as appellate counsel. After granting Taylor's new counsel two additional extensions of time, this court received a 50-page amended initial brief raising five issues on appeal. We compliment appellant's new counsel on the quality of the briefing pursuant to the procedures outlined in Smith and Forrester.
[2] The underlying felony was robbery.
[3] See footnote 1.
[4] It is important to note that Fla.R.Cr.P. 3.191, the speedy trial rule, is a procedural device, not a constitutional right. Once the speedy trial rule has been waived, it is supplanted by the constitutional speedy trial period which is measured by tests of reasonableness and prejudice, not in terms of specific numbers of days. Blackstock v. Newman, 461 So.2d 1021 (Fla. 3d DCA), rev. denied, 467 So.2d 999 (Fla. 1985); Gallego v. Purdy, 415 So.2d 166 (Fla. 4th DCA 1982).
[5] As noted in footnote 2, robbery was the first-degree felony underlying Taylor's conviction for first-degree felony murder.
[6] This rule requires the prosecutor to give defense counsel reasonable notice as to the time and place of examination when the prosecutor subpoenas a witness whose name has been furnished by defense counsel.
[7] We reject the state's argument that Taylor's motion was legally insufficient and properly denied because it did not raise ineffective assistance of counsel as a ground for relief.