PER CURIAM.
A.M., a juvenile, appeals an adjudication of delinquency based on two multiple counts of sexual battery, sexual battery using force, sexual intercourse with a family member, and lewd and lascivious assault. The two victims, ages ten and eleven, are the defendant’s sister and niece.
After A.M. had run away from home, and had been gone for about a week, the alleged assaults came to the attention of *1186 the woman who was the mother[1] of one girl and the stepmother of the other girl. At the nonjury trial the victims testified that A.M. had sexually abused them, at times in the presence of each other. Their mother testified that on one occasion she saw the defendant coming out of the girls’ bedroom in the middle of the night, and that another time A.M. was discovered, clad only in bikini briefs, asleep between her two daughters in their bed. The woman further testified that the girls told her that A.M. had beaten, threatened, and raped them several times. At that point, the court overruled the defense’s hearsay objection.
The treating physician, a medical examiner at the Rape Treatment Center of Jackson Memorial Hospital, then testified that both of the young girls had multiple tears of the hymen consistent with their accounts to him of repeated sexual penetrations. The physician also testified that the girls told him they were raped by the defendant. Again the court overruled the defense’s hearsay objection on the basis of the State’s argument that the testimony was admissible as fact evidence in support of the doctor’s conclusion.
In this appeal, A.M. challenges the admission of the accusatory testimony given by both the mother and the treating physician. The State argues that the statement given by the mother was not offered to prove the truth of the matter asserted, but rather to establish a time when the report of the assaults was made. We agree. See Barnes v. State, 477 So.2d 6 (Fla. 2d DCA 1985) (where the victim’s credibility was the main basis of defense, the neighbor’s testimony regarding what he was told about the defendant’s suspicious behavior was not offered to prove the truth of the matter asserted, but to prove the fact that the statements were, in fact, made to him. As such, they constituted a relevant circumstance .in the manner in which the offenses became known and, therefore, were not hearsay), rev. denied, 484 So.2d 7 (Fla.1986).
The State next argues that the physician’s statement was admissible as a hearsay exception under section 90.803(4), Florida Statutes (1989), in that it was “made for the purpose of medical diagnosis or treatment by a person seeking the diagnosis or treatment.”[2] It is unnecessary to decide the correctness of admitting that part of the physician’s hearsay testimony which served only to bolster the victims’ competent identification testimony. It can be said beyond a reasonable doubt that the verdict here was not affected by the introduction of the physician’s statement. Ciccarelli v. State, 531 So.2d 129, 132 (Fla.1988).
We agree with the State that there is no reasonable possibility that the result would have been different without that part of the doctor’s statement which simply echoed the in-court testimony of the girls and their mother that the defendant was the assailant. Begley v. State, 483 So.2d 70 (Fla. 4th DCA 1986); see also Ciccarelli, 531 So.2d 129; Ingvaldsen v. State, 539 So.2d 613 (Fla. 4th DCA 1989).
Affirmed.
HUBBART and FERGUSON, JJ., concur.

. She is also A.M.’s sister and adopted mother.

. Section 90.803(4), includes as a hearsay exception:
Statements made for purposes of medical diagnosis or treatment by a person seeking the diagnosis or treatment ... which statements describe medical history, past or present symptoms, pain, or sensations, or the inceptions or general character of the cause or external source thereof, insofar as reasonably pertinent to diagnosis or treatment.
[Emphasis supplied.]