SMITH, Judge.
Appellant appeals the denial of his motion for post-conviction relief raising several errors, only one of which merits discussion.
Appellant, who was represented by private counsel, Robert R. Kimmel, was convicted of armed burglary and the first-degree murder of his mother-in-law, and was sentenced to death. On appeal, appellant was represented by an assistant public defender, who successfully argued for reversal of appellant’s death sentence. Pentecost v. State, 545 So.2d 861 (Fla.1989). Upon remand, appellant was resentenced to life without possibility of parole for 25 years for the murder and a consecutive life sentence for armed burglary.
Kimmel was never formally reappointed to represent appellant, and although present at appellant’s resentencing, he was understandably confused regarding his status as appellant's attorney. While appellant did not ask him to do so, Kimmel filed a notice of appeal to review the legality of appellant’s resentencing. However, the notice of appeal was untimely.
Kimmel also filed a petition for writ of habeas corpus seeking a belated appeal. This court denied the petition for writ of habeas corpus and dismissed appellant’s appeal after the state pointed out that appellant had not asked for or sought an appeal within the 30-day time limit for filing a notice of appeal.
In his present motion for post-conviction relief, appellant contends that he asked the Public Defender’s Office, not' Kimmel, to file an appeal two weeks prior to the end of the 30-day time limit for an appeal. Accordingly, appellant contends that pursuant to State v. District Court of Appeal, First District, 569 So.2d 439 (Fla.1990), his claim of ineffective assistance of counsel for failure to file a timely appeal is cognizable, was properly raised in the 3.850 motion, and the trial court erred in summarily denying his 3.850 motion.
Pursuant to Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986), this court issued an order to show cause directing the state to address appellant’s claim of ineffective assistance of counsel, on the part of the Public Defender’s Office, for failure to file a timely appeal after being requested to do so. In its response, the state asserts in essence, that Kimmel was appellant’s attorney and appellant’s bare assertion that he called the Public Defender’s Office and asked for an appeal to be filed does not establish that Kimmel was ineffective for failure to file a timely appeal. The state adds that it has no objection to this court remanding this case for an evidentiary hearing to determine whether appellant contacted Kimmel about an appeal before the expiration of the thirty days.
We believe the state’s response misses the mark. It assumes, without record support, that Kimmel had been reappointed to be appellant’s attorney, after appellant’s successful appeal in which appellant was represented by the Public Defender’s Office. It would be fruitless to have a hearing to determine whether appellant contacted Kimmel, because it has already been established that appellant failed to request *679 Kimmel to file an appeal, timely or otherwise. The question which needs to be addressed is whether appellant, believing that the Public Defender’s Office was still appointed to represent him, asked the Public Defender’s Office to file an appeal within the 30-day time limit. The state has offered no grounds to reject appellant’s facially sufficient claim that he was denied effective assistance of counsel by the Public Defender’s Office. Whether the public defender was under any duty to represent appellant or not, or indeed, whether appellant was without access to responsible and responsive counsel, are matters to be determined on remand.
Accordingly, the trial court’s order denying post-conviction relief based upon, the allegation of ineffective assistance of counsel for failure to file a timely appeal is reversed, and the cause is remanded for attachment of portions of the record conclusively demonstrating no entitlement to relief, or the grant of an evidentiary hearing.[1] Because appellant may yet be entitled to a belated appeal to test the legality of his resentencing, we do not decide appellant’s contention raised in his motion for post-conviction relief that his convictions and sentences are illegal. In all other respects, the trial court’s order denying the motion for post-conviction relief is affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
ZEHMER and WEBSTER, JJ., concur.

. Upon remand, the trial court is requested to conform appellant's judgment, which recites that he was found guilty of armed burglary, to the verdict of the jury which found him guilty of burglary with assault. See section 810.02(2), Florida Statutes.