SMITH, Judge.
Appellant appeals the trial court’s order denying his motion for post-conviction relief, contending that the trial court failed to comply with the directive of this court in Pentecost v. State, 602 So.2d 677 (Fla. 1st DCA 1992). We agree and reverse and remand for an evidentiary hearing.
In Pentecost v. State, 545 So.2d 861 (Fla.1989), the Florida Supreme Court reversed appellant’s death sentence for the first degree murder of his mother-in-law and remanded for resentencing. Upon remand, Pentecost was resentenced to life without possibility of parole for 25 years for the murder and a consecutive life sentence for armed burglary.
Appellant was represented by private counsel, Robert R. Kimmel, in the trial proceedings. The record indicates that Robert Kimmel was allowed to withdraw and the public defender was appointed to represent appellant at the conclusion of his trial and initiation of his appeal. After appellant’s successful appeal, the cause returned to the trial court for resentencing. Kimmel was present, but he was understandably confused regarding his status as appellant’s attorney. Although appellant did not ask him to, Kim-mel filed a notice of appeal to review the legality of appellant’s resentencing. However, the notice of appeal was untimely. A subsequent petition for writ of habeas corpus seeking a belated appeal was denied after the state pointed out that appellant had not asked for nor sought an appeal within the 30 day time limit for filing a notice of appeal.
Thereafter, appellant filed a motion for post-conviction relief, raising as one ground his contention that he asked the Public Defender’s Office, not Kimmel, to file an appeal two weeks prior to the end of the 30 day time limit for an appeal. His motion was summarily denied, and he appealed. On appeal, this court reversed. Pentecost v. State, 602 So.2d 677 (Fla. 1st DCA 1992). This court remanded for further proceedings stating:
The question which needs to be addressed is whether appellant, believing that the Public Defender’s Office was still appointed to represent him, asked the Public Defender’s Office to file an appeal within the 30 day time limit ... Whether the Public Defender was under any duty to represent appellant or not, or indeed, whether appellant was without access to responsible and responsive counsel, are matters to be determined on remand.
Id. at 679.
Upon remand, the trial court did not hold an evidentiary hearing. Instead, the court determined that appellant’s belief that he was represented by the public defender was unreasonable, citing State v. Abrams, 350 So.2d 1104 (Fla. 4th DCA 1977). However, we find the Abrams case does not support the trial court’s ruling, but rather, supports appellant’s position. Abrams deals with a defendant who accepted representation by the public defender but then sought to assert his speedy trial rights despite the fact that the public defender had sought a continuance waiving those rights. The issue in that case was whether the defendant should be bound by the acts of his counsel, and the appellate *987 court found that he was so bound. The appellate court also found, pertinent to the issue before us in this case, that when the public defender was appointed to represent Abrams on appeal, the attorney-client relationship did not terminate upon the appellate court’s order for a new trial.
In this case, appellant has raised a color-able claim that the public defender was ineffective for failure to timely file his appeal after resentencing. Thames v. State, 549 So.2d 1198 (Fla. 1st DCA 1989). Accordingly, we remand to the trial court in order that an evidentiary hearing be held to determine this claim. The trial court shall appoint counsel to represent appellant in the eviden-tiary hearing. See generally Williams v. State, 472 So.2d 738 (Fla.1985).
REVERSED and REMANDED for new proceedings consistent with this opinion.
LAWRENCE and BENTON, JJ., concur.