687 So.2d 823 (1996)
James HEUSS, Petitioner,
v.
STATE of Florida, Respondent.
No. 86544.
Supreme Court of Florida.
December 19, 1996.
Rehearing Denied February 11, 1997.
Richard L. Jorandby, Public Defender and Ian Seldin, Assistant Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for Petitioner.
Robert A. Butterworth, Attorney General; and Georgina Jimenez-Orosa, Bureau Chief, Senior Assistant Attorney General, and Sarah B. Mayer, Assistant Attorney General, West Palm Beach, for Respondent.
GRIMES, Justice.
We have for review Heuss v. State, 660 So.2d 1052 (Fla. 4th DCA 1995), which expressly and directly conflicts with the opinions in Johnson v. State, 595 So.2d 132 (Fla. 1st DCA), review denied, 601 So.2d 553 (Fla. 1992), Perkins v. State, 585 So.2d 390 (Fla. 1st DCA 1991), and Taylor v. State, 557 So.2d 138 (Fla. 1st DCA 1990). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.

ISSUE
The question in this case is whether or not an appellate court may engage sua sponte in a harmless error analysis. In Taylor, the First District Court of Appeal stated:
We are unable to view this error as harmless, for the State argues only that the court did not err; it does not argue that the error was harmless and thus has not carried its burden under Ciccarelli v. State, 531 So.2d 129 (Fla.1988), and State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Taylor, 557 So.2d at 144. The court below reached a contrary conclusion.

FACTS
Petitioner, James Heuss, was charged with the sexual battery of three female children. During trial, the State wished to introduce several hearsay statements made by the children pursuant to section 90.803(23), Florida Statutes (1989), the child-victim hearsay exception. The trial court held a hearing to determine whether the statements were sufficiently reliable to be admitted. The trial court found the out-of-court statements to be sufficiently reliable and allowed the admission of the hearsay.
Heuss was found guilty of sexual battery and lewd assault. On appeal, the Fourth District Court of Appeal determined the trial court's findings regarding the reliability of the out-of-court statements merely tracked the statutory language and, as such, were insufficient. Consequently, the court concluded the hearsay was admitted in error. However, the court reasoned that harmless *824 error review was appropriate and, although the State did not argue harmlessness, the court applied the test sua sponte. After its analysis, the district court of appeal concluded that the erroneous admission of the hearsay was harmless.

DISCUSSION
Petitioner contends that an appellate court is forbidden to apply sua sponte the harmless error test in criminal cases because the harmless error test places the burden on the State to prove beyond a reasonable doubt that the error was harmless. Consequently, by failing to argue on appeal that the error was harmless, the State waived the argument and the district court of appeal was prohibited from engaging in harmless error review.
Petitioner is correct in that the harmless error test places the burden on the State to prove beyond a reasonable doubt that the error did not contribute to the verdict or, alternatively, that there is no reasonable possibility that the error contributed to the conviction. E.g., State v. Lee, 531 So.2d 133, 136 (Fla.1988); Ciccarelli v. State, 531 So.2d 129, 131 (Fla.1988); State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). However, the language in these cases does not prohibit an appellate court from applying the harmless error test on its own when the State fails to make the argument. In Ciccarelli we stated that "if the state has not presented a prima facie case of harmlessness in its argument, the court need go no further." 531 So.2d at 131 (emphasis added). This language is permissive. While the language does not require the courts to apply the harmless error test, it does not prevent them from doing so. The court must still be able to conclude beyond a reasonable doubt, after evaluation of the impact of the error in light of the overall strength of the case and the defenses asserted, that the verdict could not have been affected by the error. See Ciccarelli, 531 So.2d at 132.
A number of federal circuit courts have also concluded they have discretion to engage sua sponte in harmless error review. See Horsley v. Alabama, 45 F.3d 1486, 1492 n. 10 (11th Cir.1995); United States v. Langston, 970 F.2d 692, 704 n. 9 (10th Cir.1992); Lufkins v. Leapley, 965 F.2d 1477, 1481 (8th Cir.1992); United States v. Rodriguez Cortes, 949 F.2d 532, 542-43 (1st Cir.1991); United States v. Pryce, 938 F.2d 1343, 1347 (D.C.Cir.1991), cert. denied, 503 U.S. 941, 112 S.Ct. 1488, 117 L.Ed.2d 629 (1992); United States v. Giovannetti, 928 F.2d 225 (7th Cir. 1991). Furthermore, our holding is consistent with the legislative directive of the harmless error statutes, sections 59.041 and 924.33, Florida Statutes (1995), which prohibit reversal if the error does not result in a miscarriage of justice or injuriously affect a substantial right of the appellant.
"The unique function of the harmless error rule is to conserve judicial labor by holding harmless those errors which, in the context of the case, do not vitiate the right to a fair trial and, thus, do not require a new trial." DiGuilio, 491 So.2d at 1135. To preclude application of the test merely because the State failed to make the argument would elevate form over substance and hamper the goal of efficient use of judicial resources.

CONCLUSION
To summarize, the State's failure to argue harmlessness does not preclude an appellate court from applying the harmless error test, though it is not required to do so. Accordingly, we approve the decision below and disapprove of the decisions in Johnson, Perkins, and Taylor to the extent they are inconsistent with this opinion. We decline to address the other issues raised by the petitioner because they are not the basis of this Court's jurisdiction.
It is so ordered.
OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., concur.