895 So.2d 1207 (2005)
FOOD LION, L.L.C., Appellant,
v.
Maria HENDERSON, Appellee.
No. 5D04-901.
District Court of Appeal of Florida, Fifth District.
February 25, 2005.
*1208 Kendall B. Rigdon and Maria B. Vazquez, of Rigdon, Alexander & Rigdon, L.L.P., Orlando, for Appellant.
Karla T. Torpy of Graham, Molletteire & Torpy, P.A., Melbourne, for Appellee.
PETERSON, J.
Food Lion, L.L.C., appeals a final judgment entered in favor of Maria Henderson after a jury awarded her damages for injuries she sustained after tripping over an unattended partially-stocked float (merchandise cart) in one of its retail food stores. Food Lion contends that the trial court erred by denying its motion for partial summary judgment on its duty to warn and by denying its requested special jury instruction on the open and obvious danger doctrine.
Henderson's complaint raised, and the trial was conducted on, two theories of liability: (1) negligent failure to maintain the area in which Henderson sustained injuries in a reasonably safe condition; and (2) negligent failure to warn of a dangerous condition (the unattended float). Where two or more issues are left to the jury, any one of which may be determinative of the case, and a general verdict is returned which makes it impossible to ascertain the issues upon which the verdict was founded, reversal is improper if, as to at least one of the issues, there was no error. See, e.g., Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181 (Fla.1977).
We are compelled to affirm the judgment because use of the general jury verdict places us in a quandary. The general verdict form proposed by Henderson, to which Food Lion had no objection, asked "was there negligence on the part of [Food Lion], which was a legal cause of *1209 damage to [Henderson]?" From the general verdict form we cannot determine how the jury decided liability against Food Lion; i.e., whether liability was found for negligent failure to maintain, or for negligent failure to warn. Because Food Lion did not object to use of the general verdict form, reversal is improper unless Food Lion demonstrates error as to both issues submitted to the jury. See, e.g., Whitman v. Castlewood Int'l Corp., 383 So.2d 618, 619 (Fla.1980). Food Lion only argued error as to one theory of liability in its brief, the failure of the duty to warn, and it therefore did not meet its burden of demonstrating error as to both theories of liability. As a result, this court is precluded from reversing the trial court's judgment through operation of the presumption of correctness.
Henderson's failure to raise the "two issue" rule adopted in Colonial Stores does not preclude our consideration and application of the rule. The policy behind the "two issue" rule is similar to that underlying the harmless error rule. See generally Philip J. Padavono, Florida Appellate Practice § 9.9 (2004 ed. West). In Heuss v. State, 687 So.2d 823 (Fla.1997), the court considered whether an appellate court may engage sua sponte in a harmless error analysis. The court concluded that "the State's failure to argue harmlessness does not preclude an appellate court from applying the harmless error test, though it is not required to do so." Id. at 824. The court noted that "[t]o preclude application of the test merely because the State failed to make the argument would elevate form over substance and hamper the goal of efficient use of judicial resources." Id. We conclude that an appellate court may raise sua sponte the "two issue" rule even though it was not raised in the parties' briefs. Although we are usually restrained from considering issues not raised by the parties' briefs during our review of the trial court proceedings, we find this issue to be one that is impossible to ignore.
AFFIRMED.
SAWAYA, C.J., and MONACO, J., concur.