PER CURIAM.
Affirmed. See Grenitz v. Tomlian, 858 So.2d 999, 1006 (Fla.2003) (“[W]here there is no proper objection to the use of a general verdict, reversal is improper where no error is found as to one of two issues submitted to the jury on the-‘basis that the appellant is unable to establish that he has been prejudiced.”) (citation omitted); Barth v. Khubani, 748 So.2d 260, 261-62 (Fla.1999) (“When a general verdict for the plaintiff is on review, the [two issue] rule is applied by focusing on the causes of action..,. The focus on the winning party’s actions .., is logical given that the opposing party has the burden of establishing prejudice on appeal.”); Food Lion, L.L.C. v. Henderson, 895 So.2d 1207, 1209 (Fla. 5th DCA 2005) (“[The plaintiffs] failure to raise the ‘two issue’ rule ... does not preclude our consideration and application of the rule. The policy behind the ‘two issue’ rule is similar to that underlying the harmless error rule.”); Johnson v. Thigpen, 788 So.2d 410, 415 (Fla. 1st DCA 2001) (“[T]he general verdict form did not have separate measures of damages for each of the four causes of action. The claim of error raised by [the defendant] as to the cause of action of intentional infliction of emotional distress cannot be the basis for reversal where three additional causes of action were presented to the jury and on which the jury found in favor of the [plaintiff].”).